## ADAM FREDERICK v. ETIENNE BRULARD.

One may prescribe for property beyond the true limits of his land by thirty year's possession. C. C. 848.

A mistake in running a division fence neither destroys or confers a title.

APPEAL from the District Court of Plaquemine, *Rousseau*, J. *J. Foulhouze*, for plaintiff. *L. Lombard*, for defendant. The judgment of the court was pronounced by

Rost, J. In 1806, while the tract of land owned by the plaintiff belonged to the widow *Martinez*, and the adjoining tract, now owned by the defendant, belonged to one *Binaud*, the surveyor, *Barthélemy Lafon*, made surveys of both and established the division line with the assent of the two proprietors. The marks referred to in those surveys, as showing the position and course of that line, are not shown to exist at this day.

FREDERICK<br>v.<br>BRULARD.

In 1811, *Mrs. Martinez* acquired *Binaud's* tract of land, and sold it to *Constault* in 1830, according to *Lafon's* survey. The defendant claims under *Constault*. The tract surveyed in 1806, as the property of *Mrs. Martinez*, was sold at the probate sale of her succession in 1832, and is held by the plaintiff under that sale.

The line under which the defendant is in actual possession by inclosures, encroaches about two degrees upon the plaintiff's land, according to *Lafon's* survey; and this action is brought to recover the land thus possessed by the defendant beyond his title.

The defendant has pleaded the prescription of thirty years. There is no doubt that one may prescribe beyond his title, provided it be by thirty year's possession. C. C. 848. But the evidence in this case did not satisfy the district judge, that the possession of the defendant under his present limits had continued during that length of time; and as he heard the witnesses and had a better opportunity of judging of the degree of credit to which they were entitled than we have, we cannot say that he erred.

It is urged, that the division fence under which the defendant possesses, was placed where it is by the mutual consent of the previous owners of the two tracts of land. All the sales of both tracts refer to the original lines, as represented in *Lafon's* surveys; and there is nothing to show the intention of any of the proprietors to change the division line. Under that state of facts, the consent alleged, if it was given, was clearly in error of the rights of the owner of the tract now held by the plaintiff, and would consequently fall within the principle on which it has been held more than once, that a mistake of this kind neither destroyed title nor conferred it. *Broussard* v. *Duhamel*, 3 N. S. 11. *Babineau* v. *Cormeer*, 2 N. S. 666.

We are of opinion that the boundary line represented in *Lafon's* survey has not ceased to be the true division line between the two tracts. But as that line has been obliterated, and must be again marked out before the plaintiff can be put in possession under the judgment, the case will have to be remanded for that purpose.

It is therefore ordered, that the judgment be amended so as to read as follows: "It is ordered that there be judgment in favor of the plaintiff, and that he be put in possession of the land claimed by him, in conformity with the division lines in the surveys made by *Barthélemy Lafon* on the 15th of April, 1806. And it is further ordered, that this cause be remanded for the purpose of establishing that line by actual survey; the costs of the district court to be paid by the defendants, and those of this appeal by the plaintiff.