8 So.2d 635

PAN AMERICAN PRODUCTION CO. v. ROBICHAUX et al.

No. 36456.

May 25, 1942.

Liskow & Lewis, of Lake Charles, and Rene H. Himel, of Franklin, for plaintiff and appellee.

L. O. Pecot, of Franklin, for defendant and appellant.

ODOM, Justice.

Plaintiff, the Pan American Production Company, is the owner of two mineral leases, one granted by E. J. Robichaux and the other by Henry Ecuer. The leases cover separate tracts of land, one owned by Robichaux and the other by Ecuer, each tract containing approximately 29 acres, the two tracts being adjacent. The plaintiff drilled wells which produced oil, and, due to a dispute between Robichaux and Ecuer as to the proper location of the dividing line between their properties, confusion arose as to whether these oil wells were drilled on the property of Robichaux or on that of Ecuer.

The Pan American Production Company owes to someone the proceeds of a one-eighth royalty interest in the oil produced. As to such proceeds, it is a mere stakeholder and brought the present concursus proceeding, making both Robichaux and Ecuer, as well as all others who may own royalty interests, parties to the suit, praying that the amount in its hands be deposited in court to be paid to the royalty owners as their respective interests might appear. The only interest that plaintiff has in the outcome of the suit is to see that the fund deposited is paid to the proper parties. The issue as to title of the land from which the oil was produced was raised by the answers filed by Robichaux and Ecuer. Robichaux in his answer alleged that he owned the land on which the wells were drilled. Ecuer in his answer denied Robichaux's allegations and asserted that he owned the land. Therefore, the only issue involved is between Robichaux and Ecuer as to the ownership of the land.

The record shows that in 1915 four individuals—E. J. Robichaux, one of the defendants in this case; his father, Justilien Robichaux; George T. Veeder; and John Veeder—purchased from Walter J. Suthon a large tract of land extending from Bayou Teche to Grand Lake, the tract being bounded on the north by property then owned by Mrs. Mossy, this Mossy tract being known later on as the "Alleman tract". The tract purchased was described as being bounded on the south by the property owned by Harry L. Laws.

In 1923 the two Robichauxs and the two Veeders partitioned the property which they had purchased, by which partition the northern portion of the land, extending from the bayou to the lake and bounded on the north by the Mossy or Alleman tract, was allotted to the two Robichaux. The southern portion of the tract was allotted to the two Veeders; so that, after the partition between the Robichaux and the Vee-

ders, the land owned by the Robichauxs was bounded on the north by the Mossy or Alleman tract and on the south by the tract allotted to the Veeders.

In October, 1927, the two Robichauxs partitioned their tract between themselves in equal parts. The partition deed recites that E. J. Robichaux was allotted the north half of the property, his tract being bounded on the north by the Mossy or Alleman tract, and that Justilien Robichaux was allotted the south half of the tract; so that the tract allotted to E. J. Robichaux was bounded on the south by the tract allotted to Justilien Robichaux, and the tract allotted to Justilien Robichaux was bounded on the north by the tract allotted to E. J. Robichaux and on the south by the land owned by the Veeders. The partition deed executed by the Robichauxs correctly described the property to be divided, reciting that the north half was set apart to E. J. Robichaux and the south half to Justilien Robichaux. Immediately following the execution of this partition deed, Justilien Robichaux sold the part of the property set apart to him to Henry Ecuer, one of the defendants in this case.

In the partition deed between E. J. Robichaux and Justilien Robichaux, it was stated that the tract set apart to each contained 172.43. But the total acreage involved in this suit is only 58.12 acres, which is that part of the two tracts situated in Section 25. Thus the land in Section 25, owned in common and in indivision by the two Robichauxs after the partition with the two Veeders, was a tract of 58.12 acres, bounded on the north by the Alleman tract and on the south by the tract set apart to the two Veeders.

Attached to the act of partition between the two Robichauxs is a plat prepared by O. O. Gutekunst, a surveyor, showing the dividing line between the two tracts. E. J. Robichaux and Henry Ecuer were present when this dividing line was established. The act of partition was passed, and the dividing line established, more than 10 years prior to the date on which the present suit was filed.

Now, as to this dividing line established between the two properties by the surveyor, the trial judge correctly said:

"There can be no dispute that the surveyor, O. O. Gutekunst, erred in locating the division line between the two properties on the ground. Not only was error committed in that respect but likewise there was error in the location of said line on the plat. The instrument of partition, however, is not erroneous in describing the respective titles of the parties. The said surveyor acknowledged his error as a witness. The explanation of his error is that he located the land on the ground and on the plat by starting from a post that had been shown to him as the common corner to Sections 24 and 25, T. 13, S.R. 9 E., and Sections 19 and 30, T. 13, S.R. 10 E. He frankly admits that he made no effort to establish the common corner to the above mentioned sections by government field notes. Shortly previous to the trial of this case this surveyor, in company with other surveyors, located this common corner and it was definitely shown to be 470 ft. north of the point that he assumed to be the cor-

ner when the division line and the plat was made to serve as a basis for the partition."

It clearly appears, therefore, that this partition line was located by the surveyor 470 feet south of where it should have been located, the result being that, according to the survey, the 29-acre tract set apart to E. J. Robichaux was not bounded on the north by the Alleman tract as it should have been, but was 470 feet too far south.

According to the description of the land as shown by the act of partition between the two Robichauxs, the strip of land set apart to each was only about 470 feet wide from north to south, so that, according to the survey made by the surveyor and the dividing line between the two small tracts established by him, the dividing line, as shown by the surveyor's plat, was within a few feet of the true southern boundary line of the 58-acre tract allotted to the two Robichauxs in their partition with the Veeders and within a few feet of the northern boundary line of the property set apart to the Veeders in that partition. Thus, as a result of the surveyor's mistake, the strip of land shown on his plat as property allotted to Justilien Robichaux, and which Ecuer acquired, actually belonged to the Veeders.

E. J. Robichaux claims that, following the survey and the establishment of the dividing line by the surveyor Gutekunst, he took possession of all the land north of the dividing line up to the Alleman tract, and that, by the prescription of 10 years acquirendi causa, he has acquired, and now owns, the land which Ecuer is claiming. He further pleads that Ecuer is estopped to deny that the dividing line established by the surveyor is the true boundary line between the two properties because he was present when the line was established, and because he took possession of the 29 acres immediately south of the line so established.

If Robichaux's contention prevails, the result will be that, on account of the surveyor's mistake, Ecuer owns no land at all, because manifestly he has not acquired the Veeder's land by prescription.

There is no question but that Robichaux and Ecuer accepted in good faith the line established by the surveyor. But their acceptance of the line was due to a mutual error, each assuming that the surveyor had, prior to his making the survey, correctly located the corner from which he had begun his measurements so as to establish correctly the boundaries of the 58-acre tract to be divided.

The trial judge overruled Robichaux's plea of prescription and his plea of estoppel, and rendered judgment in favor of Henry Ecuer, decreeing that he owned the land which he claimed, and authorized the clerk of the district court to distribute the funds remaining on deposit to the defendant Ecuer and those who had acquired royalty interests from him. From this judgment Robichaux appealed.

Now, the question is whether Henry Ecuer is estopped to deny that the dividing line established between the two properties by the surveyor was correctly established and whether Robichaux has acquired title to Ecuer's land by the prescription of 10 years.

Counsel for Robichaux seems to take the position that this is a boundary suit, or a suit to fix boundaries, in so far as the issues between Robichaux and Ecuer are concerned. We think he is mistaken.

■ The real issue involved is whether, under the facts disclosed, Robichaux owns the land which Ecuer now claims. If he does, he has acquired it by the prescription of 10 years acquirendi causa. Title to real estate cannot be acquired by estoppel, and, if Robichaux's plea that he has acquired the property by the 10 years' prescription acquirendi causa is not well founded, his claim of ownership must fall.

In the act of partition between the two Robichauxs, E. J. Robichaux acquired the north half of the 58.12-acre tract, and Justilien Robichaux the south half of it, which he sold to Ecuer.

There can be no doubt as to the intention of the parties. E. J. Robichaux alleged in Paragraph 21 of his answer that, in the partition between him and Justilien Robichaux, "he acquired a tract of land containing a superficial area of 29.06 acres, situated in Section 25, TS 13, SR 9 E, and which represents the North one-half of a tract of land of 58.12 acres owned in indivision between himself and J. Robichaux prior to the above alleged partition of date October 5, 1927 [this was the partition between the two Robichauxs], and that Henry Ecuer and J. Robichaux in said act of partition accepted the South one-half or South the 29.06 acres of the said tract in the said act of partition."

E. J. Robichaux has therefore definitely located his 29.06-acre tract—the tract which he intended to acquire and which he did acquire by virtue of the act of partition—and has definitely located the tract which Justilien Robichaux intended to acquire and did acquire by that act. He and Justilien Robichaux intended to divide the 58.12-acre tract into two equal parts, and the surveyor Gutekunst was employed to establish the dividing line between the halves.

But E. J. Robichaux admits that through error the surveyor did not, as a matter of fact, divide the 58.12-acre tract into two equal parts, but instead located what is now referred to as the dividing line between his 29.06-acre tract and Justilien Robichaux's, or Ecuer's, 29.06-acre tract 470 feet south of where it should have been located and within a few feet of the south boundary line of the 58.12-acre tract which was to be divided. And he argues that, because Ecuer was present when the line was run by the surveyor, he "consented" to the division of the two estates as erroneously made by the surveyor.

But the fact is that there was no division of the two estates, as we shall presently show. If Ecuer had not been laboring under an error of fact, it is not reasonable to assume that he would have consented to this line, because, according to that line, Robichaux got all, or practically all, of the 58.12-acre tract, and he got none of it. Surely Ecuer did not intend to donate his part of the land to Robichaux.

Counsel for E. J. Robichaux says at page 11 of his brief:

"The fact is positive that there never was a judicial fixing of the boundary line between Ecuer and Robichaux. But it is

likewise true, that there was an extra-judicial fixing of the boundary line between Ecuer and Robichaux by consent, by a private surveyor on September 28th, 1927, who made the survey and fixed the line, by means of marks on trees on the line and by driving a corner stake or pipe into the ground."

In other words, the establishment of the partition line, which Robichaux now claims established the boundary between the two estates, was made "extrajudicially and by mutual consent". R.C.C., Article 832. However, the establishment of the line was not done in accordance with Article 833 of the Code, which provides that: "Whether the limits be fixed judicially or extra-judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing".

Whether O. O. Gutékunst was a sworn surveyor of this state is not disclosed by the record. Presumably he was, but he made no proces verbal of his work in the presence of two witnesses called for the purpose. Therefore counsel is correct in his statement that this so-called dividing line was established by the consent of the parties. It was not made according to the requirements laid down by the Code. But counsel for Robichaux argues that, even though the line was not established in conformity with the requirements of the Code, yet the legal effects of the establishment of

the line, in so far as Ecuer is concerned, are the same as if the line had been established according to law, because of Ecuer's long acquiescence in the establishment of the line and his recognition of it as the true boundary line. In other words, Ecuer's "consent" binds him.

But did Ecuer consent to the establishment of the so-called dividing line between the two tracts where the surveyor put it? Did Robichaux himself consent? Consent in law is more than a mere formal act of the mind. Legal consent is an act unclouded by error or mistake. Consent is vitiated by error. Consent produced by error of fact is not legal consent. The consent of the parties that the dividing line between the two estates be located where the surveyor put it was due to mutual error of fact. Each intended that the property be divided into two equal parts, and each understood that the line was run by the surveyor in accordance with the title. The surveyor intended to divide that land into two equal parts according to title. But he testified that he made a mistake. Therefore, all parties concerned were laboring under the mistaken belief that the line run by the surveyor divided the 58.12-acre tract into two equal parts. Therefore it cannot be said that either Ecuer or Robichaux legally consented to the location of the dividing line at the place where the surveyor put it.

Article 1819 of the Revised Civil Code reads as follows:

"Facts Vitiating Consent. Consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated, and re-

sulting in each party from a free and deliberate exercise of the will, it follows that there is no consent, not only where the intent has not been mutually communicated or implied, as is provided in the preceding paragraph, but also where it has been produced by—Error."

Article 1820 of the Code says that error, as applied to contracts, is of two kinds—error of fact and error of law—. And Article 1821 reads as follows:

"That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none."

According to Article 1823 of the Code, it is not every error that will invalidate a contract. To have that effect, says the Code, "the error must be in some point, which was a principal cause for making the contract".

The cause or purpose of the establishment of the line was to divide the two estates. The parties concurred in that intention. That intention was reciprocally communicated and understood by all. But there was no legal consent to the placing of the line where the surveyor ran it because the consent to place it there was produced by error of fact. The surveyor erroneously represented to the parties that the line was correctly located, and the parties acted upon his representations, thinking they were correct. His representations being erroneous, there was no valid consent.

In the case of Gray v. Couvillon, 12 La. Ann. 730, our predecessors said:

"Parties are not bound by a consent to boundaries which have been fixed under an evident error as to the correct location of their titles, unless, perhaps by the prescription of thirty years." Citing Frederick v. Brulard, 6 La.Ann. 382, 383.

In the case of Gaude v. Williams, 47 La.Ann. 1325, 17 So. 844, 845, this court said:

"Owners are not bound by a consent regarding boundaries, fixed by themselves in error, without having left the matter to experts." Citing Gray v. Couvillon, supra.

According to counsel's own view, the so-called boundary line was in reality fixed by the parties themselves. It was fixed extra-judicially without observing the formalities prescribed by law.

Counsel for Robichaux grounds his plea of prescription on Article 853 of the Revised Civil Code, which reads as follows:

"Errors in Survey; Cured by Possession of Ten or Twenty Years. If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor has committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent."

But the provisions of this article do not apply in cases of this kind. In Barker v. Houssiere-Latreille Oil Co., 160 La. 52 at page 64, 106 So. 672, at page 676, this court said:

"In order to sustain the plea of prescription of 10 years under article 853, it is

necessary not only to show a possession of 10 years, but also that the possession has been held by boundaries fixed by a surveyor in accordance with article 833 and consecutive articles of the Civil Code, requiring the work to be done by a sworn surveyor of the state, notice to the parties, examination by the surveyor of title papers, proces verbal of survey, etc." Citing Gray v. Couvillon, supra.

For the reasons assigned, the judgment appealed from is affirmed, E. J. Robichaux to pay all costs.

O'NIELL, C. J., and PONDER, J., absent.