This is an action of boundary filed April 7, 1943, in which plaintiff prays for a judicial fixing of the boundary line between a tract of land of which he claims ownership, and two adjoining tracts belonging to the defendants. Pursuant to the prayer of plaintiff's petition, the Court appointed Gaiennie Hyams, Parish Surveyor of Natchitoches Parish, to make the survey and to file a proces verbal and report thereon. In compliance with this order the surveyor appointed filed his report and proces verbal, together with plat of the property surveyed.
The defendants filed pleas of prescription of 10, 20 and 30 years, which pleas were referred to the merits, and thereafter defendants filed answer. After trial there was judgment in favor of the plaintiff, fixing the boundaries, from which judgment defendants appeal. Plaintiff has answered the appeal, praying for the amendment of the judgment in such manner as to include additional acreage.
The facts in this case show that prior to 1892, Gilbert Solitaire and J.B. Pantallion were the owners in indivision of a certain tract of land located on the bank of Cane River. Early in the year 1892 Solitaire and Pantallion employed a surveyor, G.H. McKnight, to make a plat of the land for the purpose of partitioning the same. The plat made by McKnight was dated January 21, 1892, and, in accordance with his survey, Solitaire took possession of a tract comprising Sections 54 and 55 of Township 7 North, Range 5 West on the right descending bank of Cane River, supposed to contain 93.33 acres. Pantallion took possession of two tracts of land embracing portions of Section 53 and Section 56, which tracts adjoined the Solitaire property on the west and east respectively.
Despite the fact that the survey unquestionably was intended for the purpose of effecting a partition, formal partition was not made until April 6, 1923. This act, duly filed and recorded, refers to the survey of January 21, 1892, made by McKnight, and describes the tracts in accordance with the plat prepared by McKnight.
By instrument recorded December 2, 1930, Gilbert Solitaire deeded his property to Hyman Cohn, the description used in said deed again being based upon the McKnight survey and plat. By instrument dated January 12, 1938, Cohn sold the property to the plaintiff in this case, W.R. Ford. It is to be noted, in connection with this particular deed from Cohn to Ford, that, although the description fixed in the McKnight plat was used in the instrument, for the first time the tract is referred to as being "situated in" Sections 54 and 55, rather than referring to the tract as being "all" of Sections 54 and 55.
[1] There is considerable testimony in the record with reference to several surveys, one of which was made in the year 1933, and, in support of their plea of 10 years' prescription, defendants attempted to fix the exact date of this survey as being March 16, 1933, which date was 10 years and about 3 weeks prior to the filing of this suit. We are not disposed to accept this date as having been satisfactorily established. The testimony of the defendants, who are negroes, either illiterate or barely literate, is not, by any means, conclusive. And, in refutation of this testimony, we have the very definite evidence of a payment made by Hyman Cohn to G.H. McKnight represented by a cancelled check dated August 11, 1933. Cohn testified that this check represented the amount due by him to McKnight for the survey, and that payment was made only a few days after the completion of the survey.
The importance of the date of the 1933 survey, of course, is related to defendants' plea of 10 years prescription, since it is contended that Cohn actually participated in the making of the survey, and, accordingly, should be bound thereby. These defendants are the heir's of J.B. Pantallion, and it is established that the survey of 1933 was designed to assist in the division of property of J.B. Pantallion between his heirs. Cohn seems to have had no interest in this survey, except that he did assume and pay a portion of the expense thereof. There was no plat and no proces verbal.
Plaintiff, Ford, who purchased from Cohn, apparently discovered the shortage in acreage a comparatively short time before the filing of this suit.
There is also in the record a pencilled letter from R.E. McKnight dated June 30, 1942, directed to Albert Pantallion, accompanied by three pencilled sketches showing the Cohn and Pantallion tracts, and making recommendations as to the *Page 576 
manner in which correction should be made as to acreage.
In his findings as set forth in written opinion, the District Judge rejected defendants' claims as to the date of the 1933 survey, overruled all pleas of prescription, and adopted the report of the appointed surveyor to the extent of fixing boundaries in such manner as to allow plaintiff 93.33 acres of land, and apportioning the remainder to the defendants.
[2] Defendants' plea of 30 years' prescription is based upon the contention that an actual partition was made in 1892, notwithstanding the fact that the written act of partition was not executed until 1923. In our opinion this contention is not well grounded, since a partition of real property must be in writing. Breaux v. Albert Hanson Lbr. Co., 125 La. 421, 51 So. 444. Therefore, there was no effective partition until the execution of the act of 1923. Since 30 years had not elapsed after the execution of the partition in 1923, there could have been no acquisition by defendants. The cases cited in support of defendants' plea of 30 years' prescription are not determinative of the issues raised herein. In Dunn v. Bayonne, 197 So. 284, the actual possession and cultivation of a tract of land under fence for a period of more than 30 years was established. In DeBakey v. Prater, 147 So. 734, it was shown that a fence had existed between the two properties involved for a period of more than 30 years. In the case of Kobler v. Koch, 6 So.2d 55, this Court found that visible boundaries existed in 1923, and, a period of more than 10 years having elapsed, during which the defendants had been in undisturbed possession, prescription was applicable.
In the case before us, defendants have failed to establish the existence of any visible boundaries. For a long period of time, more than 30 years, in fact, Solitaire and Pantallion cultivated these three tracts, without any defined boundaries, and, apparently without any disagreements. There is some testimony as to the existence of turnrows which marked the dividing line between one tract and another, and it is shown that at one time the construction of a fence was begun, but the fence was never completed, nor wired, and was not in existence in 1938.
[3] Defendants' argument in support of the plea of 10 and 20 years prescription is predicated upon the provisions of Article 853 of the Civil Code to the effect that fixed boundaries may be rectified in the event of error by a surveyor, unless that part of the land on which error was committed shall have been acquired by an adverse possession of 10 years, if the parties were present, and 20 years, if absent. It is urged that the calculation of 20 years from the act of partition in 1923 would have expired on April 6, 1943, the day before the filing of this suit. This claim fails, in view of the holding in Pan-American Production Co. v. Robichaux, 200 La. 666,8 So.2d 635, in which the court held that owners in common of certain property agreeing to partition equally, and being present when surveyor established the partition line, could not be charged with the effect of a valid consent to an erroneous location of the line made by the surveyor in the absence of a proces verbal, citing Articles 832, 833, 1819, 1821 and 1823 of the Civil Code.
In the same case the Supreme Court held that title could not be claimed, under a statute providing for the cure of error in a survey, by adverse possession where surveyor, who made erroneous survey, made no proces verbal as required by another statute, citing Articles 833 and 853 of the Civil Code.
The principle last above noted was definitely enunciated in Barker v. Houssiere-Latreille Oil Co., 160 La. 52, 106 So. 672, to which the Court referred in the Pan-American case, supra, quoting from the Barker opinion the following extract [200 La. 666, 8 So.2d 640]:
"In order to sustain the plea of prescription of 10 years under article 853, it is necessary not only to show a possession of 10 years, but also that the possession has been held by boundaries fixed by a surveyor in accordance with article 833 and consecutive articles of the Civil Code, requiring the work to be done by a surveyor of the state, notice to the parties, examination by the sworn surveyor of title papers, proces verbal of survey, etc."
The conclusion is evident, therefore, that defendants' several pleas of prescription were properly overruled. Defendants failed to establish possession as owners for a period of more than 30 years necessary to bar an action in boundary, since, clearly, the possession of each of the two owners, Solitaire and Pantallion, was in indivision until the execution of *Page 577 
the act of partition in 1923. For this reason, the plea of 30 years' prescription must fail.
The pleas of 20 or 10 years' prescription under the provisions of Article 853 of the Civil Code, through adverse possession, were not available to defendants in the absence of survey and proces verbal.
The only question that remains is with reference to the fixing of the boundary lines between plaintiff and defendants.
[4] From the act of partition as executed in 1923, it is apparent that Pantallion and Solitaire intended to divide the property substantially in two equal parts, and under the particular descriptions identifying the tracts to be taken and held by each. Solitaire was to receive 93.33 acres in one tract, and Pantallion 86.26 acres in two tracts. All later surveys showed a shortage in the total acreage, and the survey made by Mr. Hyams, in accordance with order of the Court in this suit, established the total acreage in the three tracts as being 173.64 acres, instead of 179.59 acres shown by McKnight's survey of 1892. It is further evident that if the description of the Solitaire property, as recited in the action of partition and in the deed from Solitaire to Cohn as comprisingall of Sections 54 and 55 is accepted, it would have the effect of allowing Ford, the plaintiff herein, a total of approximately 120 acres, thereby decreasing the ownership of the defendants to approximately 50 acres.
The learned Judge of the District Court, in deciding upon this point, stated that he regarded the governing item in the deeds of the Solitaire property, insofar as concerned the extension of the property to the east, as being the statement that it contained 93.33 acres. Accordingly, he rendered judgment fixing the western or upper boundary of the property of the plaintiff as being the section line between Sections 53 and 54, in accordance with the judicial establishment and location of the said section line by Gaiennie Hyams, surveyor, and the eastern or lower boundary of plaintiff's property as a line parallel to the western line of Section 54, running from Cane River south 14 degrees west to the southern line of Section 55, and providing for the establishment of such line at such distance from the western boundary of Section 54 as would embrace the full amount of 93.33 acres of land. The judgment further provided that in the event of failure of the parties to agree on the location of such eastern boundary line to the Ford property, then it should be established by Gaiennic Hyams, surveyor, at defendants' cost.
[5] We feel that the manner in which the learned Judge has resolved the question of establishing the boundaries fully meets the requirements of justice and equity between the parties. Nevertheless, we are of the opinion that the judgment should have been definite in ordering the fixing of the line established by the Court by a surveyor, since any attempt by the parties themselves to fix and establish the line would be futile and perhaps productive of subsequent litigation.
Accordingly, it is ordered that the judgment appealed from be amended by providing that the eastern or lower boundary of the W.R. Ford property, as established by the judgment, be run by Gaiennie Hyams, surveyor, and fixed and established by him in accordance with the direction of the judgment, at defendants' cost, and, as amended, the said judgment is affirmed, at appellant's cost.