McBRIDE, Judge.
This suit bearing docket number 279-659 of the lower court was consolidated for trial with the case of Frederick v. Latos, La.App., 61 So.2d 744.
The plaintiffs were the defendants in the Frederick case, and in the instant suit they sought to recover or recoup from Joseph Varuso a portion of ground to offset or compensate for what they might lose to Dr. Frederick.
The plaintiffs allege their ownership of Lot 24, Square 514, Seventh District. They claim that Varuso, who owns Lots 1 and 2 of the same square, measuring 60T" front on Olive Street, by a depth and front of 120' on Gen. Ogden Street, the rear of which adjoins Lot 24 on its side, has under fence and in his possession a portion of their Lot 24 measuring 2/0"6/// front on Gen. Ogden Street, by a depth between parallel lines of 6T1". They *742 práy for judgment against Varuso condemning him to deliver possession to them of the said strip of ground and to remove therefrom the fence enclosing it with Va-ruso’s property.
Edward J. Latos has taken this appeal from the judgment dismissing the suit.
The only survey we are concerned with in this suit is that prepared by Eustis, the expert appointed by the court, menr tioned and discussed in the Frederick case. The measurements of the portion of Lot 24, which plaintiffs allege is in possession of Varuso, are almost identical with the encroachment of Lots 1 and 2 over on Lot 24 shown by Eustis. This being so> the only circumstance which can possibly bar a recovery to plaintiffs is the acquisition by prescription by Varuso of the strip of property off of Lot 24 which is enclosed by his fence, so we turn Our attention to that feature of the case.
Counsel for Varuso at first entertained the erroneous impression that this is an action in boundary. Our thought is fostered by the presence of an allegation in the answer to the effect that Varuso’s property was “enclosed by a fence more than twenty years ago.” We are led to believe that the allegation was intended to serve as a plea of prescription under LSA-C.C. art. 853, which provides:
“If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent.”
The dismissal of the suit was predicated upon evidence which the court believed showing an uninterrupted possession in Varuso of the strip off Lot 24 for more than thirty years. In his reasons for judgment the trial court said:
“ * * * While article VI of the answer does not specifically plead prescription ipsissimis verbis, yet it alleges possession by enclosure of more than 20 years and the testimony as I recall it showed possession for more than 30 years. * * * ”
Whether the above mentioned allegation of the answer is sufficient to serve as the basis of a plea of thirty years prescription, and if not, whether the judge could supply the plea are points which need not be discussed nor decided, because Varuso in this court, in addition to filing a specific plea of prescription of ten and twenty years under LSA-C.C. art. 853, also plead the prescription of thirty years uninterrupted possession under LSA-C.C. art. 3499.
It is conceded that the defendant had the right to file his plea of prescription in the appellate court.
Prescription may be pleaded in every stage of a cause, even on the appeal, if the proof of it appears by the mere examination of the record. LSA-C.C. arts. 3464, 3465; C.P. art. 902; Causey v. Opelousas-St. Landry Securities C.o., Inc., 187 La. 659, 175 So. 448.
The prescription of ten and twenty years is unavailing to defendant. This prescription applies only in an action of boundary and not in a petitory action in which the prescription of thirty years alone can be invoked in support of ownership without a title or possession in good faith. City of New Orleans v. Shakspeare, 39 La.Ann. 1033, 3 So. 346. Even if this were a boundary action, it would not be barred by ten or twenty years adverse possession, for the reason that such prescription applies only where possession has been held pursuant to boundaries formally established by a surveyor in accordance with LSA-C.C. art. 833 et seq. Ford v. Pantallion, La.App., 20 So.2d 574; Kobler v. Koch, La.App., 6 So.2d 55; Anding v. Smith, La.App., 189 So. 362.
This leaves for consideration only the plea of thirty years prescription under LSA-C.C. art. 3499, which provides:
“The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith.”
*743 The record shows that defendant, besides himself, produced two witnesses who testified to the effect that the fence which separates Lots 1 and 2 from Lot 24 was built more than thirty years ago, and that the fence has remained in the same location up to the present time. Henry Johnson, one of defendant’s ancestors in title, bought Lots 1 and 2 from the Carrollton Land Company in the year 1916 on a bond for deed. He built the house located on the lots with his own labor in the same year, and erected a wooden picket fence in the early part of 1917, after “stepping off” the distance from Olive and Gen. Ogden Streets. Johnson said that he had not seen the fence for several years, but during the course of the trial the court sent him out to view the fence in order to determine if it was now in the same location as he had placed it in the early part of 1917. The case was continued in order that Johnson could testify as to the facts found upon his examination of the fence. He subsequently testified that the picket fence was the same and in the same position as when he erected it. Johnson sold his Lots 1 and 2 to Noote in the year 1920. Noote did not appear as a witness, but Zacearía, who purchased the lots from Noote in August 1922, testified for the defendant to the effect that on the same morning he gave his testimony he had looked at the fence and that it was the identical fence and stood in the same location as when he bought the lots from Noote. Varuso, who purchased the lots from Zacearía in 1929, testified that at the time of his acquisition a wooden picket fence separated the rear of his lots from the side of Lot 24. Varuso declares that the fence was never disturbed in any manner, except when it was blown down by a storm about seven or eight years ago, and that 'Latos, the plaintiff, re-erected the fence in the same location.
The testimony of Johnson, Zacearía, and Varuso, against which there is not even a modicum of evidence, establishes that the fence, which was erected in the early part of 1917, has been in the same location for a few months longer than thirty years between that date and the day on which the suit was filed, November 25, 1947.
The proposition whether Varuso can “tack” onto his own possession the possession of his authors in title was not discussed by appellant’s counsel either orally or in brief. However, we have researched that point. LSA-C.C. art. 3493 provides for the “tacking” onto the possession of the person who claims by prescription the possession of his authors in title. That codal article reads as follows :
“The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may haye succeeded him, whether by an universal or particular, a lucrative or an onerous title.”
LSA-C.C. art. 3495 provides that if the possession of the author in title is to be “tacked” on “the different possessions must have succeeded each other without interval or interruption.”
Any confusion which might have flowed from LSA-C.C. arts. 3493, 3495, was clarified by the Supreme Court in Opdenwyer v. Brown, 155 La. 617, 99 So. 482, wherein it was held that the possession of a prior owner could be tacked on for the purpose of supporting a claim of prescription of thirty years, provided that the property which was claimed beyond the limits of the title was marked by an existing visible boundary. See Vicknair v. Langridge, La.App., 57 So.2d 714.
After a consideration of the testimony bearing on the location of the fence separating the property of the respective parties, we, as did the trial judge, reach the conclusion that more than thirty years have elapsed between the time of the erection of the fence and the date of the suit, and that the defendant has clearly made out his period of thirty years physical, open, and uninterrupted possession of the part of Lot 24 which the plaintiffs claim belongs to them, and has acquired ownership of the entire strip from the from, of Lot 24 to the extent of the rear width *744 of his property as a result of the prescription.
The judgment appealed from is therefore affirmed.
Affirmed.