LOTTINGER, Judge.
This is a petitory action filed by John L. Burt against Mrs. Amelie Blanchard Carrier and her two children, Francis N. Carrier, Jr. and Mrs. Shirley Carrier Gilbert. The Lower Court awarded judgment in favor of the defendants and the petitioner has appealed.
The suit involves property surrounding the Bayouside Golf Course situated a short distance above Napoleonville, in the Parish ;of Assumption. The facts show that on December 29, 1942, petitioner purchased from Harvey C. Blanchard a certain plantation surrounding the said golf course. There was specifically excepted from said sale the property as follows: (The vendor reserves for himself and the same forms no portion of this sale, a continuous tract of land containing 55 acres, more or less, and upon which are now located his home, golf course, and • roadside club known as the Cotton Qub, together with all buildings and improvements located thereon; all of said reservation being accurately and specifically described and delineated on the plat of survey attached hereto and made part hereof and paraphed "Ne Varietur” by me, Notary, for identification herewith.)
Petitioner now alleges that the defendants have prevented him from taking possession of certain portions of the plantation purchased by him which are situated along the boundaries of the golf course. Defendants filed answer admitting their possession of the area in dispute and alleging that they inherited same from Francis N. Carrier, Sr., who purchased the property from Harvey C. Blanchard on December 30, 1944. They contend that it was not the intention of either party to the original sale to have the disputed property included in said sale, and claim in the alternative error on the part of said Harvey C. Blanchard in believing that the description of the excepted property conformed to his intention, and further alleges fraud on the part of John L. Burt in varying the description of the exception with full knowledge of Mr Blanchard’s intention. The defendants called Harvey C. Blanchard in1 warranty to defend their title.
The warrantor filed answer alleging essentially the same defense as defendants.
The matter was set for trial at which time petitioner filed a plea of prescription and a plea of estoppel. The trial court rendered judgment in favor of the defendants dismissing the petitioner’s action. The petitioner has appealed.
The record shows, without a doubt, that it was not the intention of the original vendor, Harvey C. Blanchard, nor the intention of the vendee, petitioner herein, that the disputed property was to be included in the sale of the plantation. Both of the said parties testified to that fact. The record further shows that the golf course had been operated as such for several years prior to the sale of the surrounding property, and that the boundaries of said golf course has not changed from said time until the present. At the time of the sale, as now, the boundaries of the golf course are made up of fences, headlands, roadways, trees, and fields and were therefore easily distinguishable. The only thing which. brings forth the present dispute is the fact that an erroneous map prepared by the vendee in the original sale was attached to said sale and showed false boundaries.
The petitioner filed a plea of prescription based upon Article 3542 of the LSA-Civil Code. Said act provides that an action for the nullity or rescission of a contract prescribes in five years. The defendants on the other hand cite Article 2221 of the LSA-Civil Code which provides as follows:
“In all cases, in which the action of nullity or of rescission of an agree *88 ment, is not limited to a shorter period by (a) particular law, that action may be brought within ten years.
“That time commences in case of violence, only from the day on which the violence has ceased; in case of error or deception, from the day on which either was discovered, and for acts executed by married women not authorized, from the day of the dissolution of the marriage or of the separation.
“With regard to acts executed by persons under interdiction, the time commences only from the day that the interdiction is taken off; and with regard to acts executed by minors, only from the day on which they become of age.”
We feel, as did the Lower 'Court, that the provisions of Article 2221 would apply to this particular case and hold that the prescription as plead by petitioner had not accrued.
The plea of estoppel filed by petitioner is based on the fact that the defendants claim title to the batture property upon which was located the roadside club. He claims that the said batture was specifically made a part of the sale. However, the record shows that the roadside club was specifically reserved to the vendor, and the vendor testified that it was his intention to reserve all of the batture. This is fortified by the fact that a portion of the batture property which did not include the roadside club was a part of the golf course. We therefore feel, as did the Lower Court, that the plea of estoppel was without merit.
As stated before, there is no question but that the parties to the original act of sale did specifically intend to exclude therefrom the golf course, the vendor’s home and the roadside club. This, reservation was included in the said act of sale, and the boundaries thereof were clearly distinguishable by obvious signs,, such as fences, roadways, etc. We feel! that the act of the vendor in signing the-erroneous map, which was not prepared by a civil engineer or a surveyor but which, was prepared by the vendee himself, was-an act of error on the part of the vendor,, and would not change the obvious intention of the parties as expressed in the written act of sale.
The situation presented was similar to that reported in Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635, 639, wherein the Court said as follows :
“The cause or purpose of the establishment of the line was to divide-the two estates. The parties concurred in that intention. That intention was reciprocally communicated and understood by all. But there was no legal, consent to the placing of the line where-the surveyor ran it because the consent to place it there was produced by error of fact. The surveyor erroneously-represented to the parties that the line-was correctly located, and the parties, acted upon his representations, thinking they were correct. His representations being erroneous,’ there was no valid consent.”
For the reasons hereinabove assigned,, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid, by the petitioner.
Judgment affirmed.