AYRES, Judge.
This is an action of boundary under LSA-C.C. Art. 823 wherein plaintiffs allege that the boundary between their property and that of the defendant in the North Shreveport Subdivision had never been established. From a judgment promulgating a procés-verbal of a survey directed by the court to be made, and fixing and ordering the boundary line to be marked and monu-mented in accordance therewith, the defendant appealed.
This appeal presents primarily, for review, the correctness, vel non, of the court’s action in overruling pleas of prescription of ten years under LSA-C.C. Arts. 853 and 3478, and a plea of estoppel.
The facts material to these issues may be briefly stated. The parcel of ground involved in this action is a strip 22.5 feet wide on the west side of Lot 36 of the re-plat of the North Shreveport Subdivision. This subdivision was originally platted September 8, 1914, as evidenced by the filing of a plat thereof as of that date. The subdivision consisted of eight blocks comprising 236 lots. However, under date of April 4, 1946, Blocks 2, 3, 6, and 7 were re-subdivided.
In opposing the homologation of the survey, defendant asserted good-faith possession of the whole of Lot 36 of said resub-division for more than ten years under a deed, describing the property by metes and bounds, from C. W. Lane and J-. H. Jordan ■dated June 25, 1927, and under the aforesaid plat of resubdivision since its date. The property acquired by defendant is described as a triangular tract of land in the southeast corner of Block 2 of -the North Shreveport Subdivision, beginning at a point on the south line of Jackson Avenue *430 675.7 feet southeasterly from the northeast corner of said block and thence south to the south line of Lot 1 of said Block 2, thence east along the south line of said block to Jackson Avenue, thence northwest along Jackson Avenue to the place of beginning. This plot comprised portions of Lots 1, 2, 3, and 4 of the original subdivision and Lot 36 of the resubdivision, less and except a strip 22.5 feet wide on the west side.
The record discloses that, in the resub-division, the plat was not executed or signed by either J. H. Jordan or C. W. Lane, who, at the time, owned the remainder of Lots 1, 2, and 3 of the original subdivision not contained in the description of the property theretofore sold to the defendant. Lane and the heirs of Jordan sold the remainder of these lots to G. J. Alexander, who, in turn, on November 30, 1956, sold the same to plaintiffs. In the meantime, under date of June 5, 1956, plaintiffs had acquired, from Cecil V. Woodward, who had, in August, 1945, acquired, from Jordan and Lane, all of the grantor’s right, title, and interest in and to Lot 4 of Block 2 of the original North Shreveport Subdivision.
Hence, the record establishes that plaintiffs acquired and are owners, by duly-recorded titles, of that portion of Lots 1, 2, 3, and 4 of the original subdivision lying west of and adjacent to the western boundary of defendant’s property as acquired from Jordan and Lane. This line, constituting the common boundary between plaintiffs’ and defendant’s properties, is 22.5 feet east of the west line of Lot 36 of Block 2 of the replat of the North Shreveport Subdivision. During the course of his testimony, the defendant conceded that the boundary line thus established by the court-appointed surveyor, Roger C. Wilkinson, correctly defined the western limits of the property purchased by him. No evidence was offered to the contrary. - Hence, as observed by the trial court, the line, as established by the court-appointed surveyor, must be accepted and approved as the correct dividing line between the property purchased by the defendant and the property acquired by the plaintiffs, unless the plea of estoppel, should be sustained, reference to which will be hereinafter made.
The plea of prescription acquirendi causa, under LSA-C.C. Art. 3478, may be summarily disposed of. This article provides :
“He who acquires an immovable in good faith and by just title prescribes for it in ten years. * *
From the aforesaid resumé of facts, it clearly appears that defendant neither had nor has he ever had any title to the area in dispute. Nor does the evidence establish that defendant has, or ever had, possession of this property. The plea under this codal provision is therefore without merit.
Nor do we find that the plea is tenable under the provisions of LSA-C.C. Art. 853. This article provides:
“If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent.”
The record does not confirm the establishment of a boundary line between plaintiffs’ and defendant’s properties beyond the title of the defendant, nor, as heretofore stated, that defendant possessed beyond his title.
As pointed out by the trial court, this property is unimproved land of which no one was shown to have been in actual possession. Defendant testified that he exercised no possession, but that the City of Shreveport had once cut the weeds on the lot and charged him for it.
Defendant contends that when Blocks 2, 3, 6, and 7 of the North Shreve *431 port Subdivision were resubdivided April 4, 1946, the boundaries between Lots 35 and 36 were marked and monumented, and that such line constituted the western boundary of his property, and, for that reason, the provisions of LSA-C.C. Art. 853 are applicable. As heretofore pointed out, the provisions of that article are inapplicable in view of defendant’s lack of adverse possession. However, since the resubdivision was not accomplished through the acts or signatures of Lane and Jordan, who as aforesaid, owned the property adjoining defendant’s on the west, neither they nor their successors in title could be divested of their property or prejudiced by the acts of third parties or through instruments to which they were not parties. Such would not have the legal effect of establishing or fixing any boundary between plaintiffs’ and defendant’s properties, inasmuch as the requirements of LSA-C.C. Arts. 832 and 833 were not complied with.
Boundaries may be fixed extraju-dicially and by mutual consent if the parties are of full age (LSA-C.C. Art. 832), but, whether the limits be fixed judicially or extrajudicially, it must be done by a sworn surveyor of this State, who shall be bound to make a procés-verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the procés-verbal with him, or mention shall be made therein of the causes which prevented them from signing (LSA-C.C. Art. 833). Hence, if the resubdivision could be considered as establishing a boundary extrajudicially, such would have no binding effect and no reliance could be had thereon by the defendant under the provisions of LSA-C.C. Art. 853. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832, 842; Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635; Owens v. T. Miller & Sons Building Supply Co., La.App. 1st Cir., 1958, 101 So.2d 773.
With reference to the plea of estoppel, defendant contends that the plaintiffs have committed themselves to and recognized the resubdivision, and are therefore precluded from altering or changing, the lines or boundaries of Lot 36, or acquiring property in said resubdivision by a description conflicting with said boundary. We find no merit in these contentions. No authorities are cited in support thereof. Moreover, in acting upon the faith of the public records, we know of no rule or reason whereby one is bound by any particular form as relates to description in purchasing property wherein the description adequately describes the property.
Nor do we find any merit in the contention that plaintiffs are estopped by the action of someone representing them inquiring of the defendant whether he would sell his property to plaintiffs, and, if so, the price. No specific reference was made to the strip herein concerned and it is not intimated that such approach related to said property rather than to the property admittedly owned by the defendant. There is no evidence to the effect that the replat of the subdivision, containing Lot 36 of Block 2, intended that the western boundary of said lot be coexistent with the western boundary of defendant’s property; even if so, the line was not judicially established as a boundary line and is subject to correction. Pan American Production Co. v. Robichaux, supra.
For the reasons assigned, we are of the opinion that the pleas of prescription and of estoppel were properly overruled and that the judgment establishing the boundary between the properties of plaintiffs and defendant is correct and should be affirmed, and it is, hereby, affirmed at defendant-appellant’s cost.
Affirmed.