LANDRY, Judge.
This matter originated upon plaintiffs’ application for an injunction to restrain defendant from trespassing upon plaintiffs’ properties and more particularly, from building a fence thereon. In addition to injunctive relief, plaintiffs prayed for damages for defendant’s alleged wrongful cutting and removal of certain fences assertedly situated upon plaintiff’s properties and also for injury and damage to plaintiffs’ livestock reputedly resulting therefrom.
Defendant answered the suit making numerous factual allegations concerning agreements purportedly entered into with plaintiffs concerning their mutual boundaries. In reconvention defendant alternatively prayed that the court establish the boundary between the litigants after a survey by a qualified surveyor appointed by the court. In the further alternative, defendant requested that the court fix the common boundary according to certain fence lines in conformity with pleas of prescription filed on defendant’s behalf.
As requested by plaintiffs the trial court issued a temporary restraining order prohibiting defendant from further trespass upon plaintiffs’ property. However, upon trial of the matter on the merits the learned trial court declined to issue a permanent injunction, rendered judgment in defendant’s favor fixing and establishing the boundary lines between the properties and awarded plaintiff Charles Ivy McDan-iels judgment against defendant in the sum of $50.00. From the aforesaid judgment plaintiffs appeal requesting an increase in the award and seeking recognition of another -boundary predicated upon a plea of thirty years adverse possession. Defendant has answered the appeal praying for reversal of only that portion of the judgment awarding plaintiffs damages herein.
The record discloses that whereas the judgment of the esteemed trial court fixed the boundary line between the property of plaintiff Charles Ivy McDaniel and defendant Ivy Miller she did not do so pursuant to a survey by a surveyor appointed by her. We observe in the record the following notation by the learned trial judge in lieu of an order appointing a surveyor:
“Parties have stated there are several former surveys & the Court believes a survey at this time is unnecessary. 2/10/59. (Sgd.) F. E. Burch, Judge.”
For a number of years plaintiffs and defendant have owned adjoining lands, the tract owned by plaintiff McDaniel bounding defendant’s property on the south and the parcel belonging to plaintiff Pevey forming the eastern boundary of defendant’s estate. The controversy presently before the courts arose when defendant *766 commenced construction ■ of a line fence along the southern boundary of his lands (the northern boundary of plaintiff McDaniel) in conformity with an ex parte survey made by W. A. Tycer, Civil Engineer, for defendant in 1956. In the course of constructing the fence in accordance with the Tycer survey defendant or his employees cut wires and removed posts of an existing fence erected by plaintiffs and allegedly built the new fence on property claimed by plaintiffs. The temporary restraining order issued by the trial court prevented defendant’s completion of the fence which remains unfinished pending the outcome of this litigation.
On the day fixed for argument of this matter on appeal, plaintiffs filed in this court a plea of prescription in bar of defendant’s reconventional demand for establishment of a boundary between the properties. Said plea of prescription is predicated upon Article 853, LSA-R.C.C., which in effect provides that an action to set aside or rectify a boundary previously established, prescribes in ten years. In support of the plea of prescription plaintiffs rely upon an agreement dated March 21, 1882, between C. W. Amacker, plaintiffs’ author in title, and Wm. Acy, Jr., defendant’s author in title, wherein Amacker and Acy as owners of the South one-half and the North one-half, respectively of Section 55, T. 4 S., R. 6 E., fixed the dividing line between their properties. The line established by Amacker and Acy commenced at a point 51.51 chains South of the Northeast corner of the Section and 48.51 chains North of its Southeast corner and from thence proceeded North 84.5 degrees West to the point of intersection with the Tickfaw River, dividing the section into two equal halves. In addition, the document describes and locates certain monuments placed on the line. There was, however, no formal survey of the line and no proces verbal by a licensed surveyor.
Under ordinary circumstances plaintiffs’ filing of a plea of prescription in this court would necessitate remand of the case in order to permit the taking of evidence in connection therewith. Article 2163, LSA-C.C.P. Since, however, the record before us indicates (for reasons hereinafter made manifest) plaintiffs’ said plea of prescription is clearly without merit, we are prompted, in the interest of avoiding unnecessary litigation and delay, to dispose of the issue at this time.
The record in the instant case reflects that the boundary established by Amacker and Acy was not fixed according to the mandatory requirements of Articles 834 to 838, inclusive, of our LSA-Civil Code, in that there was no survey by a registered surveyor and no proces verbal of a survey. Under such circumstances, plaintiffs’ plea of ten years prescription under Article 853, LSA-R.C.C. is without merit. Ford v. Pantallion, La.App., 20 So.2d 574; Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635; Owens v. T. Miller & Sons Building Supply Co., La.App., 101 So.2d 773; Hester v. Smith, La.App., 72 So.2d 549; Jones v. Dyer, La.App., 71 So.2d 648; Rock v. Varuso, La.App., 61 So.2d 741; Arabie v. Terrebonne, La.App., 69 So.2d 516.
We shall next consider the propriety of the action of the trial court in fixing the boundary between the properties of the litigants at bar.
 There can be little doubt of defendant’s right to request by way of recon-ventional demand that the boundary be fixed between these contiguous estates. Our law expressly provides that either of the owners of contiguous estates has the absolute right to have the boundary judicially determined where the boundary has never been established according to law or when bounds formerly fixed are no longer to be seen. LSA-R.C.C. Articles 823, 824. So important is this right that it has been declared imprescriptible. Article 825, LSA-R.C.C.
*767 It appears from the record that prior to institution of the present suit, defendant engaged the services of W. A. Tycer, licensed surveyor, to run the line and establish the proper location of the boundary. Before commencing his survey Tycer consulted plaintiff McDaniel and was shown by McDaniel a marker which McDaniel considered and Tycer accepted as the Southeast comer of defendant’s property. Using this corner as a point of commencement Tycer ran the line westerly to the Tickfaw River along a bearing North 84 degrees Fifteen minutes West (a variation of one-fourth of a degree from the bearing mentioned in the previously mentioned Amacker-Acy agreement). It appears that the marker and bearing employed by Tycer coincide with those established by C. M. Moore, Civil Engineer, in 1922, when he made an amicable partition survey of the lands lying south of the boundary line in dispute herein. Upon completion of the Tycer survey, defendant herein offered to furnish materials for construction of a boundary fence along the line fixed by Tycer provided plaintiff McDaniel would erect the fence. McDaniel was unwilling to perform the work and defendant then engaged other parties to build the structure.
From the record before us it clearly appears the procedure followed by Tycer failed to comply with the clear and express provisions of our Revised Civil Code regulating the establishment of boundaries. Article 833 of LSA-R.C.C. provides as follows:
“Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.”
In Article 834, LSA-R.C.C., we observe the following:
“Whenever any surveyor is called on to fix the limits between adjacent estates, it is his duty to notify, in writing, the owners interested therein to be present at the work, if they think proper, and to inform them of the day and hour when he will proceed to fix the limits; and he is bound to make mention in his proces verbal of the notice he may thus have given, of the names of the parties notified, and of the date of notice; and the surveyor shall make a record of his proceeding, and of the plans drawn by him, in order that copies may be delivered to the parties who may require them.”
Furthermore, the equally important formalities prescribed by Articles 835, 836 and 837, LSA-R.C.C., were likewise ignored. Consequently the survey was an absolute nullity and could not serve as the basis for a judicial determination of the boundary between the estates of the litigants at bar. Article 839, LSA-R.C.C. Tycer readily concedes he did not observe the formalities prescribed by law in such instances. He further acknowledges his survey was entirely informal and private since he was unaware it was to be used in the fixing of a boundary either judicially or extrajudicially.
From the foregoing it follows the learned trial court was without right, power or authority to fix the boundary between the contiguous estates of these litigants. Sharpless v. Adkins, La.App., 16 So.2d 556. In view of defendant’s recon-ventional demand for a judicial determination of the boundary the trial court should have appointed a surveyor pursuant to LSA-R.C.C. art. 841 and instructed him to proceed according to law. Since the trial court erroneously fixed the boundary in the case at bar its action in this regard must be set aside.
*768 We shall next consider plaintiffs’ claim of acquisition of additional property beyond their title by thirty years prescription.
The hereinabove mentioned AmackerAcy agreement of 1882 which sought to establish a boundary beween these properties also established a servitude along the boundary line extending 7\/2 feet on each side thereof thus forming a IS foot strip to serve as a lane to be used by the owners of the adjoining tracts. While there is no evidence that either Amacker or Acy immediately built a fence along the servitude there is evidence, however, that subsequently various fences were constructed along the boundary line thus established as well as along each side of the lane created by .reservation of the mentioned servitude. It also appears that one of these fences extended along the entire boundary presently in dispute. There presently exists vestiges of three different fences the most northerly of which has some portions still intact. Approximately twelve years prior to the filing of this suit plaintiff McDaniel constructed a fence dividing the estates near their western extremities (the rear of the two tracts) but his testimony as to its exact location is conflicting inasmuch as on one occasion he stated he built it along the Moore line and on another that he built it on his own land.
McDaniel’s plea of thirty years prescription is founded on the contention he possessed the property as owner up to the northernmost fence for a period of over thirty years. While it is conceded that he has owned and lived on the property purchased by him over 38 years the record fails to disclose with any degree of accuracy whatsoever the extent of property he actually possessed. As previously shown there are vestiges and traces of several former fences but the record is barren of evidence of a continuous fence running along the entire boundary in dispute.
The same may be said of the plea of prescription entered on behalf of plaintiffs Mr. and Mrs. James Perry Pevey who purchased that portion of the Amacker property in Section 4 and bounding defendant’s property on the east. These parties also failed to prove the extent of their possession and, therefore, their plea of thirty years prescription must fall.
Although the trial court found that defendant had damaged a fence along the boundary she established she allowed plaintiff no recovery for this item on the ground that since defendant was in the act of restoring the fence when interrupted by the preliminary restraining order issued herein, plaintiff therefore, in effect, suffered no loss in this regard. The award of $50.00 allotted plaintiff by the trial court was based on the finding that defendant had destroyed certain cross fences situated upon plaintiff’s property. Assuming the record shows said cross fences to be clearly within plaintiff’s property line the award of damages in this instance is not established by that preponderance of the evidence required by law. It is elementary that plaintiff must prove his claim with reasonable certainty and by evidence preponderating in his favor.
On the question of damages plaintiff testified merely that it would cost approximately $250.00 to .restore all the fencing destroyed by defendant. Plaintiff made no attempt to estimate the number of feet of fencing involved and neither did he describe in sufficient detail the character or condition thereof at the time of defendant’s alleged trespass. There is no evidence in the record concerning the amount of materials involved or the cost of either materials or labor required to restore the fences allegedly destroyed by defendant. Plaintiff made absolutely no effort to sep-rately appraise the value of the cross fencing involved, consequently there is no basis for the trial court’s award for this item.
*769 As correctly noted by the court below a determination of the boundary between these contiguous estates is essential to adjudication of the question of defendant’s alleged trespass upon plaintiffs’ properties. Recognizing that it is possible a trespass may in fact have been committed by defendant herein, we cannot adjudicate the issue in view of the state of the record herein. It is also possible that should . defendant resume construction of the controversial fence along the Tycer line a trespass may be repeated in which event plaintiff would be entitled to recovery. Hoyt v. Smith, La.App., 187 So. 87. This latter issue likewise cannot be adjudicated because the record before us does not contain a survey and proces verbal made by a licensed surveyor in accordance with law. Since determination of the boundary is legally impossible under the circumstances of this case, we are incapable of resolving the issue of defendant’s alleged trespass.
After careful consideration of the circumstances surrounding the instant litigation we are impelled in the interest of justice to dismiss as of nonsuit all claims and demands of both plaintiffs and defendant thus leaving the parties free to fix the boundary between their respective estates in accordance with law either judicially or extra-judicially as they will, and likewise free to institute any other actions which determination of the boundary issue may disclose to be in their best interest.
The trial court correctly denied plaintiffs injunctive relief since it is evident from the nature of the demands asserted by plaintiffs herein that adequate remedy is afforded them by law. In this regard the judgment of the trial court is entitled to affirmation.
For the reasons hereinabove assigned the judgment of the trial court is affirmed insofar as it declined to issue the injunction herein prayed for by plaintiffs but in all other respects the judgment of the trial court is reversed and set aside and all claims of plaintiffs and defendant are rejected and dismissed as of nonsuit.
Reversed in part and affirmed in part.