ELLIS, Judge:
This is a petitory action, involving title to a small parcel of ground lying between the properties of plaintiffs, John Ziegler and Dale Deough Ziegler, and defendants, Joseph Yancy Babin and Walterine Blanchard Babin.
The common ancestor in title of the parties hereto is Clothilde Labit Blanchard, *594 who owned all of Lot 1, Block 46, of Addendum No. 3 to Connely Subdivision in Houma, Louisiana. According to the official plat of that subdivision, Lot 1 had a front on Peach Street of 60 feet, a depth on its northerly line of 126.88 feet, a depth and front on Woodrow Street on its southerly line of 137.2 feet, and a width on its rear or easterly line of 60.90 feet. The front portion of the lot had a house on it, and was enclosed by a cyclone fence. The fence along the rear was located along a line between a point on Woodrow Street 90.75 feet from Peach Street, and a point on the northerly line of the 91.00 feet from Peach Street.
When Mrs. Blanchard acquired the lot, defendants were residing in a trailer, with some rooms built around it, located on the rear or easterly portion of the lot, 2.2 feet from the fence. On July 16, 1962, Mrs. Blanchard sold to the defendants the easternmost 40 feet of Lot 1. Both she and the defendants testified that it was their intention to transfer that part of Lot 1 lying east of the fence. According to the plat in the record, a line parallel to and 40 feet from the rear line of Lot 1 passes through the southwest corner of the Babin house.
On June 25, 1968, Mrs. Blanchard transferred the remainder of Lot 1 to plaintiffs, under a description reading, in part, as follows :
«* * * Said fractional lot fronting Ninety-Seven and two-tenths (97.2') feet on the north side of Woodrow Street (formerly Gum Avenue), and fronting Sixty (60') feet on the east side of Peach Street; bounded north by Lot Two (2), south by Woodrow Street, west by Peach Street and east by remaining portion of Lot One (1) property of Yancy Babin, or assigns * * * ”
Mrs. Blanchard testified that she did not intend to transfer any property east of the fence to Mr. Ziegler. Mr Ziegler testified that he thought he was buying what was under the fence, but that he also thought he was getting 97.2 feet along Woodrow Street.
The overlap in the properties was discovered when Mr. Ziegler had his property surveyed on June 24, 1968. The surveyor arrived at the depths of the north and south lines of the property by subtracting Mr. Babin’s 40 feet from the original dimensions of the lot. He measured these distances, 97.2 feet on Woodrow Street and 86.88 feet on the north line, and established the rear corners and the east line of the lot. He testified that he did not extend his survey so as to determine the dimensions of the lot remaining to Babin.
This suit was filed as a petitory action by the Zieglers against the Babins. The defendants answered, and then filed a re-conventional demand and third party petition, by virtue of which they made Mrs. Blanchard a third party defendant, and prayed for the reformation of the acts of sale to plaintiffs and defendants to conform to the intention of the parties, and to fix the boundary at the fence line. Alternatively, defendants ask that they be decreed to be owners of a servitude over the disputed property east of the fence.
After trial on the merits, judgment was rendered decreeing plaintiffs to be the owners of the property west of the fence, and defendants to be the owners of the property east of the fence. From this judgment, plaintiffs have appealed.
Plaintiffs allege that the district court erred in its judgment because, under the facts of this case and the law, defendants were not entitled to a reformation of the acts of sale. They rely on the line of cases which hold that an act of sale may be reformed as between the original parties thereto, so as to reflect their true intention, but not so as to affect the rights of good faith third parties which have subsequently intervened. See Adams v. Drews, 110 La. 456, 34 So. 602 (1903); Bender v. Chew, 129 La. 849, 56 So. 1023 (1911).
*595 We note, however, that this is a petitory action, in which plaintiffs must prevail on the strength of their own title. The pleadings filed herein on behalf of defendants, including the answer and the re-conventional demand, attack the validity of plaintiffs’ title on the ground that neither their nor defendants’ deed of acquisition relects the true intention of the parties thereto, and that both deeds were entered into by parties operating under an error of fact. Under those circumstances, parol testimony is admissible to alter or vary the terms of the instruments. Blackwell v. Nagy, 122 So.2d 903 (La.App. 1 Cir. 1960).
In the Blackwell case, supra, we held that such a defense was proper in a peti-tory action, and that even a clear and unambiguous deed was subject to attack when it is alleged not to reflect the true intent of the parties.
In the earlier case of Burt v. Carrier, 92 So.2d 86 (La.App. 1 Cir. 1957), we permitted such testimony, and gave effect to the intent of the parties in a contest between owners of adjoining tracts who had purchased from a common ancestor in title.
After reviewing the record in detail, we believe it to be clear that all of the parties hereto believed the fence to be the boundary between the two properties, until the survey showed otherwise. Not only the defendants and Mrs. Blanchard were of this opinion, but Mr. Ziegler himself testified that he thought the fence was the boundary of the property he was to purchase.
We think that in the light of the foregoing, plaintiff has failed to show that he has title to any property lying east of the fence, and we find that the trial court was correct in finding the plaintiffs to be the owners of the property lying west of the fence, and the defendants to be the owners of the property lying east thereof.
The judgment appealed from is therefore affirmed, with plaintiff to bear all costs of this appeal, and the costs to be equally shared in the trial court among plaintiffs, defendants, and third party defendant.
Affirmed.