## McDonogh v. De Gruys et al.

It is the duty of a court having cognizance of a suit on the subject of limits to comply with the provisions of arts. 829, 837 of the Civil Code. No judgment can be pronounced, until the report of the surveyor appointed to inspect the premises, and the plans made by him in execution of the order of survey, have been brought into court.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *A. Hennen*, for the appellant. *L. Janin*, for the defendants. The judgment of the court was pronounced by

Rost, J. This purports to be an action of boundary. The plaintiff sets forth his title to a tract of land alleged to adjoin lands of the original defendant, *De Gruys*, and prays that the boundaries of their respective possessions may be established. The defendant answered alleging title in himself, and denying the title or possession of the plaintiff to any land adjoining his own. After issue joined, the plaintiff obtained an order of survey, which has never been executed. *De Gruys* having subsequently died, his legal representatives were made parties defendants; they filed an answer denying generally the allegations of the petition, but acknowledging that their land was bounded on both sides by lands of the plaintiff. Their prayer was that the suit be dismissed, or if there should be judgment in favor of the plaintiff, that he be adjudged to pay them $10,000, the alleged value of their improvements.

The parties went to trial, without having caused their boundaries to be ascertained and marked by a sworn surveyor, and the court, finding itself unable to arrive at any satisfactory conclusion in relation to them, dismissed the action. The court, at the same time, decreed the defendants to be the owners of the land described in their answer. The plaintiff appealed.

When limits are fixed judicially, it must be done by a sworn surveyor of the

State. C. C. 829. It is the duty of the judge who has cognizance of suits on the subject of limits, to appoint surveyors to inspect the premises in question; the court, on the report, ought to decide according to the titles of the parties and the plans which shall be presented to the court. Art. 837 C. C. These dispositions of the Code have not been complied with. It was the duty of the judge to require the report of the surveyor, and he should not have passed upon the case until the plans made by that officer in execution of the order of survey, were brought into court.

The court further erred in passing definitively upon the title of the defendants. This was not asked by either party, and the uncertainty which prevented the court from determining the boundaries of the plaintiff's land must also exist in relation to that of the defendants' possessions. This case must be remanded.

It is, therefore, ordered that the judgment in this case be reversed, and the case remanded for further proceedings in conformity with the opinion of the court; the defendants and appellees paying the costs of this appeal.