This is an action of boundary to fix the limits of contiguous tracts of land owned respectively by plaintiff and defendant.
After setting forth preliminary facts in connection with the dispute as to boundary, plaintiff's petition makes the following allegation under Article 6 thereof: "That this petitioner further shows and avers that a licensed surveyor should be appointed to make a survey, taking the original deed conveying the 24 acres and to establish a boundary; that he should determine the boundary according to the deed and the old roads, and after the same has been made that the same should be fixed and established by the court."
The prayer of plaintiff's petition, in keeping with the relief sought, reads in part as follows: "Wherefore, your petitioner prays that this petition be filed, that a licensed surveyor be appointed by the court to make a survey and file his report with the court; that the defendant be served and cited in accordance with law and that after due trial had the report and survey be made and upon the same being filed in the court that the survey be recognized and established by the court and the boundary be fixed and established by the court, all costs to be paid by the defendant."
The following order was issued by the court:
"Considering the above and foregoing petition and affidavit, the law being applicable thereof: It Is Ordered, that Nanley Crowson, a duly licensed surveyor be and he is hereby appointed to make the necessary survey for the purpose of establishing the boundaries between the two estates herein described, as well as the location of any old and new roads between the said property and to make his report to the court in the manner required by law.
"Thus done and signed in chambers at Homer, Louisiana, on this the 12 day of July, 1941.
"Enos C. McClendon "Judge"
After issue joined, trial was had and judgment was rendered dismissing plaintiff's demands at her cost. On consideration of motion for a new trial, motion was sustained, a rehearing granted, and judgment rendered on rehearing in favor of plaintiff, fixing the limits between the respective estates of plaintiff and defendant. From this judgment defendant has *Page 557 
appealed, and the appeal has been answered by plaintiff.
The procedure to be observed with regard to actions of boundary are set forth in detail in Title V of Book II of the Civil Code of Louisiana under the caption "Of Fixing The Limits And Of Surveying Of Lands".
Article 833 of the Civil Code reads as follows: "Whether the limits be fixed judicially or extra-judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing."
Article 841 of the Civil Code provides: "It is the duty of the judge who has cognizance of suits on the subjects of limits, to appoint surveyors to inspect the premises in question, and the court, on their report, ought to decide according to the title of the parties, and the plans which shall be presented to the court."
In the case before us, despite the fact that an order of the court appointing a surveyor and directing him to make a report was duly signed, the record is utterly devoid of any report or procès verbal or plan made by the surveyor and returned to the court in accordance with the order. Not only this, but the record does not disclose any testimony on the part of the surveyor appointed. The only document in the record bearing upon the matter of a survey is a penciled sketch identified as Plaintiff "1". The offering of this sketch, which we consider only as an unidentified memorandum, was made by counsel for plaintiff in the following words: "We also offer in evidence document marked Plaintiff `1' for identification, which purports to be a survey made by R.M. Crowson showing the location and situation of the various roads and property involved in this lawsuit, also offered for the restrictive purpose of showing rem ipsem and for the information of the Court."
The court ordered this document so offered to be filed in evidence.
Our attention is particularly directed to the point made in the offering that the document "purports" to be a survey made by R.M. Crowson. Without benefit of identification and accompanying report and procès verbal, and without testimony of the surveyor in question, we cannot consider that the document is other than an unauthenticated memorandum, which in no sense conforms to the Codal requirements set forth above.
Under the circumstances, and in consideration of our interpretation of the purpose and effect of the provisions of the Code with relation to this subject, we are of the opinion that no binding judgment could have been properly pronounced in this case.
The case of McDonogh v. DeGruys et al., 4 La.Ann. 33, was an action of boundary in which the trial court rendered judgment without benefit of a report by a sworn surveyor. In passing on this point the following statement was made in the opinion of Rost, J.: "When limits are fixed judicially, it must be done by a sworn surveyor of the State. C.C. 829 (833). It is the duty of the judge who has cognizance of suits on the subjects of limits, to appoint surveyors to inspect the premises in question; the court, on the report, ought to decide according to the titles of the parties and the plans which shall be presented to the court. Art. 837 C.C. (841). These dispositions of the Code have not been complied with. It was the duty of the judge to require the reportof the surveyor, and he should not have passed upon the caseuntil the plans made by that officer in execution of the order ofsurvey, were brought into court."
(Parenthesis and italics ours).
In accordance with the opinion expressed, the judgment was reversed and the case remanded.
In Aurianne et al. v. City of New Orleans et al., 133 La. 10, 62 So. 163, 164, the Court said: "* * * the object of the present suit is to fix the limits between two tracts of land, and the Code, articles 833 and 841, expressly provides that in such cases experts must be appointed."
In our opinion the Codal provisions must be followed in actions of boundary. In the instant case, they were not followed, and we therefore conclude that there was no authority for the rendition of judgment.
Accordingly, the judgment appealed from is annulled and set aside, and the case remanded for further proceedings in conformity with this opinion, costs to await final determination hereof. *Page 558