JANVIER, Judge.
This is an action in boundary. The two pieces of real estate involved are located in square No. 309 in New Orleans, which *399 is bounded by North Rampart, Andry, Burgundy, and V.ernon (late Flood) Street. The plaintiffs are the owners of lot “K”. The defendants (husband and wife) are the owners in community of the adjoining lot “L.”
The plaintiffs complain that the fence which should be on the boundary line between the two lots encroaches upon their property 2' 2" on its'North Rampart Street end and 2' 6" at the rear end. Plaintiffs, Joseph Randazzo, Sr., and his wife, Frances Cotito Randazzo, acquired lot “K” on August 12, 1942. The wife, Frances Cotito Randazzo, died in New Orleans on April 24, 1954. It is conceded that her succession was never judicially opened. The other plaintiffs allege that they are the children of the union of Joseph Randazzo and the said Frances Cotito Randazzo and that they are her only heirs.
The principle controversy arises over the question of whether this is in reality a suit to establish a boundary or whether it is a suit by the plaintiffs to show, that there is a correct boundary but that the defendants have encroached upon the property of plaintiffs.
To the petition various exceptions were filed by defendants. Especially important is the exception of no cause of action based on the contention that the requirements for the establishment of a boundary were complied with. There was a plea of non-joinder of parties defendant and a plea of misjoinder of parties plaintiff.
The plea of nonjoinder was based on the fact that, though it was alleged that both defendants, the husband and the wife, had acquired the property, the suit, as originally filed, was against the husband, John T. Lucas alone. Because of this there was filed an amended petition in which the wife, Mrs. Lucas, was also made a party defendant.
The plea of misjoinder was directed at the fact that though the plaintiffs allege that their property was acquired by the father, Joseph Randazzo, and his wife, Frances Cotito Randazzo, there was nothing in the original petition to show that Frances Cotito Randazzo had died and nothing to show that the children, who are the other plaintiffs, had ever been sent into possession and that, therefore, there was nothing to show that they had an interest in the subject matter of the suit. By supplemental petition it was alleged that the mother of the said children had died and that they were her only heirs. The defendants filed answer in which they averred that the fence in question is on the correct line and that there is no encroachment. They also averred that if it be found that there is an encroachment, the fence has been in its present location for more than ten years and. that accordingly there has been created by the passage of ten years a continuous apparent servitude in favor of defendants and that for this reason, even if the fence ■ is not on the correct line, defendants cannot be required to remove it.
The District Court held that there was an encroachment and ordered the fence removed to the line established in accordance with the contention of plaintiffs and the Court also said that “in order for the 10-year prescription to apply, the boundary in dispute must have been fixed in compliance with the Codal articles * *
From this judgment defendants have appealed.
As already stated, the controversy arises over the question of whether this is in reality a suit to establish a boundary in accordance with the applicable articles of the LSA-Civil Code, art. 823 et seq., or whether it is a suit by plaintiffs maintaining that the boundary is established and that the fence as now located constitutes an encroachment.
Though, in their petition, the plaintiffs allege that “the boundary line between the said contiguous estates of petitioners and defendants has been wrongfully established,” they follow this allegation with a *400 statement that “petitioners desire to have the same definitely fixed in a manner prescribed by law.” We interpret the allegations of the petition as charging not that a boundary has been established and that it is erroneous, but as averring that there has never been a formal establishment of any boundary either correct or incorrect, or by consent. In fact, in the argument before us counsel for plaintiffs conceded that no boundary has ever been established and the District Judge, in discussing the question of whether a boundary has ever been fixed, said:
“There is no pretense that that has ever been done under the codal articles.”
We are convinced that this is, in fact, an action in boundary and not merely a suit to force the removal of an encroachment. And we are also convinced that when it was filed the District Judge felt that it was such an action for he appointed a surveyor in accordance with the requirements of article 833 of our LSA-Civil Code. Since it is such an action, there should have been strict compliance by the appointed surveyor with the codal requirements as to notice to the parties, as to the presence of witnesses, as to the formal preparation of a procés verbal, etc. And it is asserted by defendants that in many particulars these requirements were not complied with.
While there appears in the record an opposition to the survey and though it is shown that evidence was taken thereon, there is no such evidence in this record. The notice which was given reads as follows :
“I have been ordered by the Civil District Court, Division “E”, to make a survey of the properties involved in suit No. 311 — 549, entitled ‘Joseph Randazzo, et al versus John T. Lucas.’
“I will meet with you Thursday morning, December 9, at 9 o’clock. I have been subpoenaed to appear in • Court Wednesday morning and therefore cannot meet you on that day.
“Will you please notify your attorneys of this fact.”
The argument on behalf of defendants is that although in the first paragraph of this letter the surveyor stated that he had been appointed to make the survey and that although in the second paragraph, a time for the meeting was set forth, it was not stated that the meeting was for the purpose of commencing the survey. We cannot accept that argument as sound. Anyone receiving such a notice must have realized the purpose of the meeting.
However, it appears that there was a more serious contention to the effect that, though the notice of the meeting set forth the time, as a matter of fact at that time the surveyor appeared and verbally stated that he would not commence the survey then but would postpone it to some later unspecified time and would commence after he had gotten “his bearings.” If this is what occurred, then we do not hesitate to say that there was no proper notice. That such notice is essential is evident and we so held in Conrad v. Roussell, La.App., 37 So.2d 449, in which the surveyor, having given notice, stated that he had started the survey a day ahead of time in order to expedite the matter and to save the time of all the parties.
After the opposition had been disposed of and during the trial on the merits, when counsel for defendants attempted to show that the surveyor had verbally postponed the survey to some unspecified time, counsel for plaintiffs objected to any evidence touching upon that question “on the ground that that particular question was decided by this court.” Counsel followed this with the statement that “evidence was heard on it, * * * and the witnesses were examined, * * As already stated, that evidence is not in the record and we are therefore unable to determine whether we could agree that there was compliance by *401 the surveyor with the requirement of the code that notice he given to the interested parties. Were it not for the fact that for another reason we conclude that the survey was fatally defective, we would find it necessary to remand the matter in order that that evidence might be made available.
However, we notice that when the surveyor was under examination as a witness and his proces verbal was produced, though there were two witnesses who signed it with the surveyor, the surveyor stated that when he made the survey only one witness had been present. He said: “I had one at that time.”
Article 833 of the LSA-Civil Code requires that where a boundary is to be fixed, either judicially or extra-judicially, it must be done “by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.”
There is some contention to the effect that the codal article does not require that two witnesses be present at the survey; that they need be present only at the signing of the proces verbal. We do not so interpret the language of the codal article. It is required that the “witnesses must be called for the purpose” and that if prevented from signing, mention of the reasons must be made. If the witnesses are to be called merely for the purpose of signing the proces verbal, it would be absurd to require that if prevented from signing mention of the reason should be made. The article obviously means that the witness must be present at the survey and that when the proces verbal is later prepared, if one of the witnesses who was present at the survey is prevented, possibly by death or absence or otherwise, from signing the proces verbal, then mention of that reason must be made. It would be absurd to call two witnesses merely to sign a proces verbal and then to explain the reason why one of them had not signed.
We think that this survey was defective because there was only one witness present.
In Conrad v. Roussell, supra [37 So.2d 450], we said:
“It is the mandatory duty of the surveyor to conform to certain prescribed rules and to clothe his work with certain prescribed formalities sft ‡ s{c »
And we also said that:
“The formalities of law not having been complied with by the expert, the survey could not validly be used as evidence in the case, and under no circumstances should it serve as the basis for the judgment rendered.”
See also Naylor v. Pope, La.App., 68 So.2d 684; Sharpless v. Adkins, 16 So.2d 556; McDonogh v. DeGruys, 4 La.Ann. 33; Brumfield v. Cryer, La.App., 154 So. 662.
In an article, “Action on Boundary”, 17 Tulane Law Review, page 303, it is said that in such cases the “pivotal provision to be found is Article 833, which requires that in either a judicial or an extra-judical survey the surveyor must be a sworn surveyor of the state and must make a proces verbal of his work, * * * ” and that the theory invoked for construing Article 853 together with Article 833 is that a survey by a sworn surveyor is an official act, * * H= »
These statements are correct. If a proces verbal is to be given the sanctity of an official act, it necessarily follows that all requirements of the code must be complied with.
■ Since the formalities required were not complied with, the survey, which is a necessary prerequisite to the rendering of a judgment, could not validly be used as evidence in the case and could not serve as a *402 basis for the judgment. Having reached this conclusion, it is proper that we should not consider the alternative defense that even if the fence is not on the proper line, the defendants have acquired the right to continue it in its proper location since they ■have established this right as a continuous apparent servitude.
We have decided to remand the matter to the Civil District Court for the purpose of having the properties re-surveyed in accordance with the codal articles referred to. Our authority for this procedure is Conrad v. Roussell, supra, and Lindsay v. Wright, 27 La.Ann. 565.
It is, therefore, ordered that the judgment herein be reversed, and it is decreed that this case be remanded to the court below for a new trial, to be proceeded with in accordance with the views herein expressed, appellees to pay all costs of this appeal.
Reversed and remanded.