HARDY, Judge.
Plaintiff instituted this suit for the judicial establishment of a boundary line between his property, as described, and the adjoining estate of defendant. From a judgment in favor of plaintiff the defendant has appealed.
Plaintiff acquired the property described as the Southwest Quarter of Northwest Quarter of Section 20, Township 17 North, Range 4 East, Ouachita Parish, Louisiana, by deed of date January 21, 1953, and, alleging that the said property, as described, is bounded in part on the north by lands owned by the defendant, Etta Davis Davenport, and that the boundary has never been established, he sought judgment fixing the boundary in accordance with the procedure provided by law. To this action defendant in answer averred the acquisition of property described as the West Half of Northwest Quarter of Northwest Quarter, Section 20, Township 17 North, Range 4 East, Ouachita Parish, Louisiana, and asserted pleas of prescription of ten and thirty years, both acquirendi and liberandi causa.
Admittedly the ideal boundary, based upon the descriptions of the properties of the parties litigant and fixed by the court appointed surveyor in this proceeding, lies north of what is known as the Richwood Road, a black-topped public thoroughfare. The disputed area consists of a narrow strip of land lying south of the ideal boundary and extending to a fence line running east and west, to which line defendant claims by possession and occupancy as owner through herself and her ancestors in title, for a period of considerably more than thirty years.
Before this court no argument has been made on the basis of the plea of prescription of ten years originally asserted by defendant, and, accordingly, we presume that this plea has been abandoned, and we think properly so.
The sole issue which is presented by this appeal relates to the plea of prescription of thirty years, by which defendant claims title to property beyond her ideal boundary by virtue of the existence of a visible boundary consisting of a fence, up to which she and her predecessors in title have actually possessed and occupied as owners for a period in excess of thirty years.
In our opinion there is no possible question as to the fact, which was conclusively established on trial of this case, that the fence line claimed by defendant to mark her southern boundary has existed and been maintained, in approximately its same position, for a period of between fifty and sixty years, and has been regarded by defendant and her predecessors in title as the boundary line. To the contrary it does not appear that' plaintiff has ever considered his ownership as extending north of the Richwood Road, which has also- been in existence for some fifty or sixty years. It was only a comparatively short time prior to the institution of this action that plaintiff, acting upon some hearsay information, procured a survey of his property and discovered that his ideal boundary line should be fixed north of the Richwood Road.
The requirements for the maintenance of the plea of prescription of thirty years in boundary suits have lately been modified and clearly expressed by our Supreme Court in the case of Sessum v. Hemperley, 233 La. 444, 96 So.2d 832, 843, *140 and we quote from the opinion of the court in said case the following pertinent pronouncements.
“Clearly, the now well-established rale, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rale to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of the law to the possessor under the thirty-year prescriptive plea. We feel that the foregoing conditions have been completely met in the instant case.” (Emphasis supplied.)
Since we find, as a fact, that an uninterrupted possession up to the fence line as a visible boundary has existed in defendant and her predecessors in title for a period of more than fifty years, it is clear that the conditions clearly enunciated by the Supreme Court in the Sessum case have been met, and it follows that defendant is entitled to the ownership of the property embraced within the visible boundary, even though it exceeds that described in her deed.
Despite the fact that this is a boundary action instituted under the specific provisions of the LSA-Civil Code, art. 823 et seq., it is noted that such provisions were not complied with and a proper and exact plat was not filed by the court appointed surveyor. For this reason we are unable to render judgment exactly fixing the southern boundary of defendant’s property, and, accordingly, the case must be remanded for appropriate action which will permit the rendition of an accurate judgment.
For the reasons assigned the judgment appealed from is set aside, annulled and reversed, and
It is now ordered, adjudged and decreed that defendant’s plea of prescription of thirty years be, and it is sustained.
It is further ordered that this cause be and it is now remanded to the Honorable the Fourth Judicial District Court in and for Ouachita Parish, Louisiana, with instructions that A. P. Andrews, registered Civil Engineer, the court appointed surveyor, be instructed to prepare a plat accurately fixing the location of the fence line determined in this opinion as the southern boundary of defendant’s property, and that upon filing of said plat, judgment be rendered establishing the said fence line as the boundary, according to the exact location thereof.
All costs of these proceedings, including those to be incurred in response to the above order of this court, are taxed against defendant-appellee.