REID, Judge.
This is a boundary action brought by Percy Simmons against Delmus D. Dixon, alleging that Simmons is the sole owner of the following described property, situated in Washington Parish, to-wit:
“FIRST: 112 acres of land, more or less in the Evan James Headright No. 41, Township 1 South, Range 9 East, St. Helena Meridian and described as follows, to-wit: Bound on the north by conditional line between lands herein conveyed and lands of C. C. Dixon which conditional line is designated by blazes and hacks; east and south by Headright line and on the west by *139 Headright line and on the west by' Townsend Branch.
“SECOND: Lot No. 3, Section 14, Township 1 South, Range 9 East St. Helena Meridian, containing 28.04 acres.
“EXCEPT 40 acres of land, more or less sold to W. M. Dixon and described as follows: Bound on the north by lands of C. C. Dixon, East by conditional line between the lands sold and the lands herein conveyed, south by Headright line and west by Townsend Branch.
“It being the intention of Vendor to transfer any or all property owned by him as sold to him by Mrs. Melissa Dixon, widow of C. C. Dixon, as per deed dated November 18, 1944, recorded in Conveyance Book 96, page 434, of the official records of Washington Parish, Louisiana. It being understood it was the intention of Vendor to transfer to Hosiea S. Simmons all property acquired by him in the above described deed and sold to Hosiea S. Simmons as per deed dated April 2, 1951, recorded in the official records of Washington Parish, Louisiana, the said Hosiea S. Simmons having sold same property to the present vendee, Percy Simmons. This sale is made for the purpose of quit claiming to the said Percy Simmons all of my right, title and interest in and to that property described in the hereinabove described deed to Perla Conerly from Mrs. Melissa Dixon.
Plaintiff then sets up his entire title back to December 31, 1897. He further attacks the description in the deed from Perla Conerly to Hosiea S. Simmons, dated April 2, 1951 and recorded in COB 124, page 528 on the grounds that it was a survey description made by Murray Breland, who is in fact not a surveyor and said purported survey is null and void and of no matter and that the said deed from Conerly to Simmons and the deed from Hosiea Simmons to Percy Simmons, dated August 10, 1951 recorded COB J.26, page 128 are of no effect for this reason.
He then alleges that he obtained a quit claim deed from Perla Conerly on May 26,- 1961 and duly recorded in COB 168, page 576 describing the property by metes and bounds and clearing the inaccurate property survey of Murray Breland. Plaintiff then alleged that the above described property is bounded on the north and west by lands of the defendant and that the boundary line between the contiguous estates of plaintiff and defendant is no longer to be seen and has never been established and petitioner desires to have the same definitely fixed in the manner prescribed by law. He then asked for the appointment of a surveyor to make the survey and for a judicial fixing of the boundary line. The Court appointed R. R. Porter, a qualified surveyor, to inspect the property and survey the same. Mr. Porter was notified on September 26, ' 1962.
Defendant filed an answer denying the allegations of plaintiff’s petition and alleged that the boundary line had been known and recognized before the years 1917-18 and that he had owned the prop-.' erty since September 7, 1931 and that the. boundary had always been maintained with fences and various other acts of possession and ownership.
Mr. Porter, the surveyor, proceeded to make a survey of the lands claimed by the plaintiff, and of the lands claimed by the defendant, together with the two ' lines claimed by each. The survey is short and the Court is going to produce herewith the two paragraphs which compose the major part of the proces verbal:
“On January 15, 1963 I notified by certified mail, Delmus D. Dixon and Percy Simmons that I would be in Franklinton, January 18 at 3 o’clock P.M. in the office of Delos Johnson, attorney and requested they meet me there to discuss the survey. 'Both par *140 ties were present and I outlined the procedure I would have to follow to make the survey. *.1 also confirmed that I would start the survey of the property January 21, 1963.
“On January 21, 1963 I went to the property and was met there by Mr. Dixon and Mr. Simmons. I had Mr. Dixon and Mr. Simmons show me on the ground the position of the lines as they believed them to be. I also requested, and they complied, that any marked trees, corner, or other information they thought pertinent to be shown me at this time.”
There is no oath of the surveyor in the record and from the above excerpt of the proces verbal there is no mention made that the surveyor was sworn or that the survey was made in the presence of two witnesses and the proces verbal, if it can be considered such, does not contain the signatures of two witnesses.
The plat annexed to the said proces verbal does not attempt to fix the line but merely shows the property of each defendant.
The case was tried, judgment rendered in favor of defendant, fixing the boundary line on the survey map filed and prepared by R. R. Porter, registered surveyor, and by lines marked thereon from “P”, “Q” and “L”. The judgment assessed ‘the cost of Court against the plaintiff and the cost of the survey equally between both parties. From this judgment the plaintiff has appealed herein.
Plaintiff-appellant sets forth certain errors in the Judge’s decision, but we do not think it will be necessary to take up these alleged errors because the case can be decided on the proces verbal and the survey.
The procedure > for a judicial survey is provided by Article 833 of the LSA-Civil Code as follows:
“Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.”
 The suveyor has definitely failed to follow the codal provisions in regard to a judicial survey. The proces verbal merely shows that he went up on the property and made a survey, which is annexed to it. The proces verbal does not contain a surveyed description of the boundary line as such, and as was determined by the surveyor. The surveyor made no effort to determine the line but merely showed the property claimed by each of the parties to this suit. The proces verbal does not mention that it was made in the presence of two witnesses nor is it signed by any two witnesses. When the proces verbal is not signed by two witnesses it is necessary that it state the reason why they did not sign, but this was not done. We do not see how this survey can be the basis for fixing any boundary.
It has been held by our Courts many times that the codal provision for a surveyor to make a survey are sacremental and must be conformed to. The Orleans Parish Court of Appeal Randazzo v. Lucas, La.App., 92 So.2d 398, said, quoting from Conrad v. Roussell, La.App., 37 So.2d 450, the following:
“ ‘It is the mandatory duty of the surveyor to conform to certain prescribed rules and to clothe his work with certain prescribed formalities $1 *
“And we also said that:
“ ‘The formalities of law not having been complied with by the expert, the survey could not validly be used as evidence in the case, and under no circumstances should it serve as the basis for the judgment rendered.’
*141 “See also Naylor v. Pope, La.App., 68 So.2d 684; Sharpless v. Adkins, 16 So.2d 556; McDonogh v. DeGruys, 4 La.Ann. 33; Brumfield v. Cryer, La.App., 154 So. 662.”
See also Talbot v. Pittman, La.App., 114 So.2d 117.
We feel that it was the duty of the surveyor to establish the lines according to the titles and the law of the land, physical boundaries and so forth, of the parties, and make a surveyed description of the said boundary line in his said proces verbal. When he could not do that then it was his duty to report the matter back to the Court, and ask for instructions. The case of Alfonso v. Ruiz, La.App., 26 So.2d 393, holds as follows:
“The question which has given us much concern is whether the surveyor, when he found that the two titles conflicted to the extent that one would have practically eliminated the other, should have referred the matter back to the court for instructions or could himself decide which of the two titles was superior and establish the line in accordance with his decision on this question of superiority of title. We think that in such a situation where ‘the parties interested, or any of them, shall make opposition’ to the method of conducting .the survey, Article 837 of the Code requires that the surveyor must ‘desist, and refer the parties to the court, to have a decision of their respective rights * * * >»
The usual procedure is for the surveyor to file his proces verbal with his map, the said proces verbal mentioning all the things the surveyor did when he made the survey; the point of commencement, and the angles and dimensions of the boundary line as he followed through with it and made' his survey, together with notation of the swearing of himself, the presence of two witnesses and containing the signatures of the witnesses and any other facts relative to the matter, and then a rule be filed to homologate the proces verbal and to admit it into evidence. This was not done in this case. In fact, this matter has more the aspect of a petitory action than a boundary suit.
For these reasons it is ordered that the judgment of the Lower Court be reversed and this matter remanded to the Lower Court for the purpose of having a survey run, fixing the line and a proper proces verbal filed together with the map showing the line determined by the surveyor to be the correct boundary, with full reservations of all rights each party may have herein. Cost in this case to be borne by the plaintiff.
Reversed and remanded.