REID, Judge.
This is a boundary action to determine the boundary line between the lands of plaintiff and lands of defendant situated in Washington Parish, Louisiana. Plaintiff, claiming to be the owner of some 400 acres of land situated in HR 48, HR 50 and Section 22 T 2 S R 14 E, St. Helena Meridian, filed this action of boundary against the defendant and asked for the appointment of a surveyor to survey the lands of plaintiff and defendant and fix the boundary.
The Court appointed Mr. R. R. Porter, a surveyor, to survey the properties and report thereon in writing according to law. In due course the surveyor met with the parties who had their deeds and proceeded to make a survey and execute a proces verbal.
The Judge of the Lower Court fixed the boundary as being the westerly edge of the waters of Horse Shoe Lake.
From this judgment both plaintiff and defendant have appealed herein. A companion suit, a possessory action, was consolidated for trial with this case but after the trial the defendant admitted that the plaintiff was entitled to possession of the property described in that suit and that matter as far as the possessory action was concerned was terminated.
The only question before this Court is the question of what is the boundary line between the two properties of plaintiff and defendant. The record fails to disclose where the surveyor was duly sworn to make the survey as required by the codal article.
LSA-C.C. Art. 833 reads as follows:
“Whether the limits be fixed judicially or extra judicially, it must be done by a sworn surveyor of this State, who shall be bound to make a proces verbal of his *373 work in the presence of two witnesses, called for the purpose, who shall sign the proces verbal with him, or mention shall be made therein of the causes which prevented them from signing.”
In addition the map filed in evidence shows several lines but the proces verbal does not show any surveyed line which had been fixed by the surveyor as being the correct boundary line between the two properties.
It is impossible to take the map and correlate it with the descriptions in the plaintiff’s and defendant’s deeds. A surveyor is an expert in his field and after being duly sworn to make a survey should proceed to survey out the properties and fix the boundary lines accordingly and to put in his process verbal a surveyed description of the line. This he has failed to do. A recent case decided by this Court of Simmons v. Dixon, 174 So.2d 138, is on all fours with the instant case. In that case we held as follows:
“The surveyor has definitely failed to follow the codal provisions in regard to a judicial survey. The proces verbal merely shows that he went up on the property and made a survey, which is annexed to it. The proces verbal does not contain a surveyed description of the boundary line as such, and as was determined by the surveyor. The surveyor made no effort to determine the line but merely showed the property claimed by each of the parties to this suit. The proces verbal does not mention that it was made in the presence of two witnesses nor is it signed by any two witnesses. When the proces verbal is not signed by two witnesses it is necesary that it state the reason why they did not sign, but this was not done. We do not see how this survey can be the basis for fixing any boundary.
“ ‘It is the mandatory duty of the surveyor to conform to certain prescribed rules and to clothe his work with certain prescribed formalities * * * > y>
“ ‘And we also said that :
“ ‘The formalities of law not having been complied with by the expert, the survey could not validly be used as evidence in the case, and under no circumstances should it serve as the basis for the judgment rendered.’ ”
ifc ‡ * * * *
“We feel that it was the duty of the surveyor to establish the lines according to the titles and the law of the land, physical boundaries and so forth, of the parties, and make a surveyed description of the said boundary line in his said proces verbal. When he could not do that then it was his duty to report the matter back to the Court, and ask for instructions. The case of Alfonso v. Ruiz, La.App., 26 So.2d 393, holds as follows:
“The question which has given us much concern is whether the surveyor, when he found that the two titles conflicted to the extent that one would have practically eliminated the other, should have referred the matter back to the court for instructions or could himself decide which of the two titles was superior and establish the line in accordance with his decision on this question of superiority of title. We think that in such a situation where ‘the parties interested, or any of them, shall make opposition’ to the method of conducting the survey, Article 837 of the Code requires that the surveyor must ‘desist, and refer the parties to the court, to have a decision of their respective rights * * *.’ ”
The surveyor herein having failed to comply with the codal provisions for making a survey and fixing the boundary we have no alternative but to reverse the judgment of the Lower Court and remand the case for the purpose of having a sur *374 veyor sworn and a survey made and boundaries fixed with the surveyed description thereof according to the codal article.
For these reasons it is ordered that the judgment of the Lower Court be reversed and this matter remanded to the Lower Court for the purpose of having the surveyor who has been appointed duly sworn according to law, and having a proces verbal showing everything that occurred including the fact that he took the oath, and with the proces verbal containing a surveyed description of the line which has been determined by the surveyor to be the correct boundary, with full reservation of all the rights each party may have herein. The costs of this appeal to be borne equally by both plaintiff and defendant and all other costs to await the final termination of this lawsuit.
Reversed and remanded.