WILLIAMS, Judge.
This suit was originally filed by Oliver Lee Brooks against Carey Jones as a peti-tory action. Jones in his answer and reconventional demand converted the suit into a boundary action. Jones alleged he was the owner of the
West One-Third (W Yz) of the South Half (S Yz) °f the Southeast Quarter (SE YY) of the Northeast Quarter (NE J4), and
Brooks was the owner of the
Southwest Quarter (SW J4) of the Northeast Quarter (NE J4)-
Jones alleged the boundary line between his land on the west and Brooks’ on its east had never been fixed judicially or by agreement. Jones requested the trial court to appoint a sworn surveyor of the parish to inspect the lands in controversy owned by Jones and Brooks to ascertain their limits, make a survey and a proces verbal of his work in the presence of two witnesses, and report thereon in writing to the court. On May 22, 1970, such an order was signed by the trial court appointing D. E. Burchett as surveyor.
In the meantime Jones and Brooks each hired a private surveyor to establish the boundary line between their properties. Each of these surveyors differed in his location of the boundary line. The court-appointed surveyor made his written report on July 22, 1970, and recorded it in this *369 suit on August 13, 1970. The case was first set for trial January 20, 1971, at which time the trial court ordered the surveyors employed by Jones and Brooks to meet with Burchett at the site of the properties within sixty days and attempt to reconcile their differences of the disputed boundaries. This was not done.
On September 8, 1971, the case was set for triad. Prior to trial the surveyors were again given an opportunity to reconcile their differences, but to no avail.
Testimony of each surveyor was given at the trial. No objection was made by counsel for either party to the procedure or to the proces verbal filed by Burchett. Judgment was rendered on September 30, 1971, but not signed until January 16, 1973.
The trial court’s judgment states the survey by Burchett was accepted as correct and the boundaries between the parties fixed in accordance therewith. Jones appealed.
In briefs counsel for Jones and Brooks contend the case should be remanded to the trial court. Their principal points are: (1) Should the trial judge proceed with the trial after determining the order of the court on January 20, 1971, had not been complied with by the surveyors? (2) Did the survey made under order of the court meet with the basic legal requirements in order to serve as the basis for the judgment rendered ?
Our jurisprudence has established it is the mandatory duty of the court-appointed surveyor to conform to certain prescribed rules and to clothe his work with certain prescribed formalities according to the pertinent articles of our Civil Code. Conrad v. Roussell, La.App., 37 So.2d 449 (Orl.Cir.1948). Only one of the codal articles has been amended since this case. LSA-C.C. Art. 833 now provides:
“Whether the limits be fixed judicially or extra judicially, it must be done by a land surveyor or civil engineer licensed to practice land surveying in this State, who if the limits be fixed judicially, shall be bound to make a procés verbal of his work which shall be signed in the presence of two competent witnesses; provided, however, that any written agreement, heretofore or hereafter made, which designates or delimits all or a part of the boundary between two or more estates is binding upon all parties thereto who are sui juris, their heirs, successors and assigns, to the same extent as any other written agreement affecting immovable property.”
The written report by Burchett reveals serious and fatal omissions. No written notices to the interested parties were given to be present at the time the work was done, nor of the time or date thereof. See LSA-C.C. Art. 834. The proces verbal of his work is signed by the surveyor and mention is made of the presence of two witnesses. However, they did not sign.
The plat attached to the proces verbal of the court-appointed surveyor does not fix the boundary line between Jones and Brooks, but simply designates the property of Jones. The case of Simmons v. Dixon, La.App., 174 So.2d 138 (1st Cir. 1965) summarizes the jurisprudence and law where boundaries are sought to be fixed judicially. Therein the court stated:
“It has been held by our Courts many times that the codal provision for a surveyor to make a survey are sacremental and must be conformed to. The Orleans Parish Court of Appeal Randazzo v. Lucas, La.App., 92 So.2d 398, said, quoting from Conrad v. Roussell, La.App., 37 So.2d 450, the following:
“ ‘ “It is the mandatory duty of the surveyor to conform to certain prescribed rules and to clothe his work with certain prescribed formalities . . .
“ ‘And we also said that:
“1 “The formalities of law not having been complied with by the expert, the survey could not validly be used as evi *370 dence in the case, and under no circumstances should it serve as the basis for the judgment rendered.” ’
“ ‘See also Naylor v. Pope, La.App., 68 So.2d 684; Sharpless v. Adkins, La.App., 16 So.2d 556; McDonogh v. DeGruys, 4 La.Ann. 33; Brumfield v. Cryer, La.App., 154 So. 662.
“See also Talbot v. Pittman, La.App., 114 So.2d 117.” [174 So.2d 138, 140, 141]
It is not necessary to consider any other contentions of either Jones or Brooks because of defects in the proces verbal by Burchett.
It is therefore ordered the judgment appealed from be reversed and the case remanded to the trial court for further proceedings in accordance with law and the views expressed herein.
The costs of this appeal are expressed equally to the parties.
Reversed and remanded.