297 So.2d 711 (1974)
Roberta Blount BOLLIN
v.
Murray STAFFORD and Buford Stafford.
No. 9894.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Joe Arthur Sims, Jr., and Velma P. O'Neal, Hammond, for appellant.
Allen B. Pierson, Ponchatoula, for appellee.
Before SARTAIN, J., and BAILES and VERON, JJ. Pro Tem.
BAILES, Judge Pro Tem.
This is an appeal from the judgment of the trial court approving the boundary between the contiguous property of the parties as fixed by plaintiff-appellee's surveyor, Mr. A. J. Zabbia. Finding the boundary was not determined in accordance with law, we must reverse.
This action was initiated by the petition of appellee in which she alleged that she is the owner of Lot 8 and the east thirty feet of Lot 7 of Block "F" of Mike & Pat's Park; that her property is bounded on the west by that of Buford Shelton (appellant herein); that no boundary line has been fixed between their respective property, and as they cannot agree on a fixing of the boundary extra judicially, she prays that the boundary be determined and fixed in the manner prescribed by law.
In her prayer, appellee prays that the court appoint a surveyor of Livingston Parish to make a survey of the land, ascertain its limits and make a proces verbal of his work and that there be judgment fixing the boundary line common to their property.
On January 12, 1971, the court appointed John D. Adams to survey the property and report in writing to the court. In other words, make a proces verbal of his work.
It is not shown why Mr. Adams did not make the survey and fix the boundary as ordered by the court. The record does show that on May 17, 1971, the trial court appointed Alex Theriot, Jr., to make a survey of the property and report to the court in accordance with law. It appears no survey was made by Mr. Theriot.
Appellee retained Mr. Zabbia to make a survey and plat thereof locating the boundary, and as stated above, it was his survey *712 the court accept as correctly fixing the boundary. Surveys, evidenced by plats thereof, were also made by Mr. J. C. Kerstens and Mr. Ansil M. Bickford, licensed land surveyors, which located the boundary differently from that of Mr. Zabbia.
It is mandatory that a judgment fixing the boundary between contiguous property be preceded by an establishment of the boundary line by a land surveyor or civil engineer licensed to practice land surveying in this state who has been first appointed by the court and duly sworn to conduct the survey. The surveyor shall file a proces verbal of his work. In particular, the requirements of LSA-C.C. Articles 833, 834, 835, 838 and 841 must be complied with. See: McDonogh v. DeGruys et al., 4 La.Ann. 33; Sharpless v. Adkins, La.App., 16 So.2d 556, and McDaniels v. Miller, La.App., 136 So.2d 763.
As no survey was made by a court appointed land surveyor or licensed civil engineer licensed to practice land surveying, the judgment rendered by the trial court is null.
Plaintiff-appellee states in her brief that "[E]ach of the parties had their own surveyor and each consented to a judgment by the trial court fixing the boundary." We are not aware of any such agreement or the purported terms thereof. If we interpret correctly the statement that there was an agreement, although dehors the record, the agreement required the court to make a determination of the location of the boundary. The only reason we discuss the matter of an agreement is because the first judgment rendered by the court states, inter alia, "It appearing to the court that the parties are now in agreement and that judgment should be entered fixing the boundaries, * * *". We must conclude from this that there was no agreement between the parties as to the correct location of boundary. An agreement between the parties on the correct location of the boundary would be the only kind of agreement that could dispense with the requirements of LSA-C.C. Article 841.
Accordingly, the judgment appealed is reversed, and this case is remanded to the district court for further proceedings in accordance with law. Plaintiff to pay the costs of this appeal. Assessment of all other costs to await judgment fixing the boundary.
Reversed and remanded.