HOOD, Judge.
This is a boundary action instituted by William T. Burton Industries, Inc. (Burton) against M. D. Wellman, Jr. Wellman filed an exception of prescription of ten, twenty and thirty years. Judgment was rendered by the trial court sustaining the exception of prescription of thirty years, and fixing the boundary between plaintiff’s property and that of defendant as the fence line now existing between the said estates. Burton appealed. Wellman answered, seeking damages for a frivolous appeal.
The principal issues presented are: (1) Is it mandatory in a boundary action that a surveyor be appointed and that he make a proces verbal of his work, as provided in LSA-C.C. arts. 833 and 841 and LSA-C.C.P. art. 3692, before judgment may be rendered fixing or establishing the boundary? (2) Is plaintiff entitled to judgment fixing the boundary in accordance with a survey, regardless of whether the court determines that the line should be established along the ideal boundary or along a fence or other visible marker shown on the survey ?
Plaintiff Burton alleges that since May 2, 1955, it has owned the following described property situated in Vernon Parish, Louisiana, to-wit:
The Northwest Quarter of the Northwest Quarter (NW of NW (4) of Section 20, Township 2 North, Range 5 West, in Vernon Parish.
Defendant Wellman purchased from W. C. Jeter, by deed dated September 4, 1951, the following described property, also located in Vernon Parish:
N Yz of NE ;4 of NW Section 20, Tp. 2 NR 5 West.
Also begin at SW corner of NE of SW 14 Section 20. Tp. 2 N R 5 West, thence run North 220 yards, thence East 110 yards, thence South 220 yards, thence West 110 yards to point of beginning.
Wellman’s property lies immediately east of and adjacent to the land owned by plaintiff Burton. The “ideal” boundary between the two estates, that is the dividing line which is shown by their respective titles, is the east line of the northwest quarter of the northwest quarter of Section 20, or the west line of the northeast quarter of the northwest quarter of that section, as shown by. official government surveys.
*720 Burton instituted this suit on April 23, 1974, to fix the boundary between those adjoining estates. It alleges that Wellman, or his predecessors in title, erected fences along or near the east boundary of plaintiff’s property, that defendant wrongfully claims that those fences constitute the boundary line separating the two estates, and that the parties have failed to reach an amicable settlement of their boundary dispute. Plaintiff prays that a surveyor be appointed to survey the properties and to file a proces verbal of his work, and that judgment be rendered fixing the boundary.
Defendant Wellman filed a peremptory exception of prescription, alleging that “plaintiff’s cause of action, if indeed it existed, is prescribed by the prescriptions of ten (10) years, twenty (20) and thirty (30) years, under the provisions of LSA-C.C. Article 852, etc.” A hearing was held on that-exception, and at that hearing defendant introduced evidence tending to establish that a fence, running north and south on or near the ideal boundary, has been in existence since 1933, and that defendant or his ancestors in title have possessed the property lying immediately east of that fence since that time.
The defendant has not filed an answer, and the case has never been tried on its merits. The only hearing which has been held was on the above exception of prescription.
A surveyor has never been appointed by the court, and the record does not contain a plat of a survey or a proces verbal of the work of a surveyor. Apparently no survey of any kind has ever been made of either tract of land-involved here, except that the trial judge observed in his reasons for judgment that in 1933 a prior owner of defendant’s property had a Mr. Charles Smith, “who did a lot of surveying in the area,” locate the corners of defendant’s property before fences were built around it. The record does not show, and the trial judge did not know, whether Mr. Smith was a licensed surveyor or civil engineer. He was not called as a witness, and neither party produced a plat or writing of any kind which may have been prepared by him.
Both parties concede that they do not know whether the existing fence is located on the ideal boundary line between the two estates, or whether it is located wholly or partly on the east or on the west side of that line. Defendant Wellman obviously assumes that the fence is located on the west side of the quarter section line (the ideal boundary), because otherwise there would be no reason for him to file the above pleas of acquisitive prescription.
The trial court concluded that a fence has existed between the two estates since 1933, that the respective owners and their ancestors in title have acquiesced in the location of that fence, that Wellman was entitled to “tack” the possession of his predecessors in title to his own possession, and that Wellman thus acquired title to all of the property lying east of and immediately adjacent to the above fence by prescription of thirty years. Judgment was rendered sustaining defendant’s exception of prescription of thirty years, and decreeing that the boundary between the estates of plaintiff and defendant is “fixed and established as the fence line now existing between the said estates as established, marked and maintained by the erection of said fence in the year 1933 and as maintained and continued by M. D. Wellman, Jr., and his predecessors in title from that date to the present time.” Plaintiff Burton appealed.
After taking the appeal, the appellant timely designated the portions of the record which it desired to constitute the record on appeal, and the appellee did not designate any other portions to be included. Neither party desired to include the transcript of the testimony taken at the hearing on the exception of prescription as a part of the record, so that evidence is not before us. The trial judge analyzed the testimony of each witness in his detailed reasons for judgment, however, and both *721 parties apparently rely on that analysis for at least some of the facts.
Burton contends that a boundary action is imprescriptible, and that even if defendant should prove the existence of the fence and his possession of all property lying-east of that fence for thirty years, plaintiff nevertheless has the right to have a surveyor appointed by the court, to obtain a proces verbal of the work of that surveyor, and to have the boundary judicially determined in accordance with a survey, whether along ideal boundary lines or along an existing fence or other visible markers.
Defendant Wellman contends that LSA-C.C. art. 841 and LSA-C.C.P. art. 3692, both of which appear to require a survey as a precedent to a judgment fixing a boundary, apply only where the evidence is insufficient to establish the boundary. He argues that those articles do not apply here because “the fence itself establishes the boundary and it is clearly delineated,” and that under the existing circumstances it would be “manifestly absurd” and “utterly superfluous” to appoint a surveyor to establish “the ideal boundary” between the two estates.
The law provides that each of the owners of contiguous estates has the right to compel the other to fix the limits of their respective properties, when the two estates have never been separated, or have never had their boundaries determined, or if the bounds which have been formerly fixed are no longer to be seen or were wrongfully placed. LSA-C.C. art. 823 and LSA-C.C.P. art. 3691.
Article 825 of the Civil Code provides that “The action of boundary, like that of partition, cannot be prescribed against.”
Title V, of Book 2, of the Civil Code, is entitled “Of Fixing the Limits, and of Surveying of Lands.” Article 833, contained in that title, provides:
“Whether the limits be fixed judicially or extra judicially, it must be done by a land surveyor or civil engineer licensed to practice land surveying in this State, who if the limits be fixed judicially, shall be bound to make a proces verbal of his work which shall be signed in the presence of two competent witnesses; provided, however, that any written agreement, heretofore or hereafter made, which designates or delimits all or a part of the boundary between two or more estates is binding upon all parties thereto who are sui juris, their heirs, successors and assigns, to the same extent as any other written agreement affecting immovable property.”
LSA-C.C.P. art. 3692, relating to “Boundary Action,” provides that “The court shall appoint a surveyor to inspect the lands in question and to make plans showing the respective contentions of the parties.” The official comment appearing under that article reads:
“This article is substantially the same as Art. 841 of the Civil Code in that it makes the appointment of a surveyor mandatory upon the court.”
In McDaniels v. Miller, 136 So.2d 763 (La.App. 1 Cir. 1962), the defendant converted an injunction suit into a boundary action. He filed pleas of prescription, claiming title up to an existing fence, and he prayed that the boundary be established along that fence line. The court did not appoint a surveyor, but defendant (plaintiff in the boundary action) engaged a licensed surveyor, W. A. Tycer, who consulted both parties before proceeding to locate the boundary line. Judgment was rendered by the trial court fixing the boundary along the fence line, and plaintiff (defendant in the boundary action) appealed. The First Circuit Court of Appeal reversed that part of the trial court judgment which established the boundary, assigning as its reasons therefor that a surveyor had not been appointed by the trial court pursuant to LSA-C.C. art. 833. After citing that article and other provisions of the Civil Code, the court stated:
*722 “. . . Consequently the survey was an absolute nullity and could not serve as the basis for a judicial determination of the boundary between the estates of the litigants at bar. Article 829, LSA-R.C.C. Tycer readily concedes he did not observe the formalities prescribed by law in such instances. He further acknowledges his survey was entirely informal and private since he was unaware it was to be used in the fixing of a boundary either judicially or extrajudicially.
“From the foregoing it follows the learned trial court was without right, power or authority to fix the boundary between the contiguous estates of these litigants. Sharpless v. Adkins, La.App., 16 So.2d 556. In view of defendant’s re-conventional demand for a judicial determination of the boundary the trial court should have appointed a surveyor pursuant to LSA-R.C.C. art. 841 and instructed him to proceed according to law. Since the trial court erroneously fixed the boundary in the case at bar its action in this regard must be set aside.”
We also note that in McDaniels, supra, the plaintiff (defendant in the boundary action), filed a plea of prescription of ten-years under LSA-C.C. art. 853, alleging that a written agreement had been entered into by the authors in title of both parties, Amacker and Acy, fixing and establishing the boundaries between the two estates. The Court of Appeal overruled that plea of prescription because the boundary agreement had not been based on a survey by a registered surveyor. The court said:
“The record in the instant case reflects that the boundary established by Amacker and Acy was not fixed according to the mandatory requirements of Articles 834 to 838, inclusive, of our LSA-Civil Code, in that there was no survey by a registered surveyor and no proces verbal of a survey. Under such circumstances, plaintiffs’ plea of ten years prescription under Article 853, LSA-R.C.C. is without merit.”
In Bollin v. Stafford, 297 So.2d 711 (La.App. 1 Cir. 1974), involving a boundary action, the trial court appointed two surveyors at different times, but neither of them made a survey of the property or filed a proces verbal of his work. Surveys were made by three other surveyors, however, and the trial court rendered judgment fixing the boundary in accordance with one of those surveys. On appeal, the First Circuit Court of Appeal reversed the judgment of the trial court because of its failure to appoint a surveyor. The court said:
“It is mandatory that a judgment fixing the boundary between contiguous property be preceded by an establishment of the boundary line by a land surveyor or civil engineer licensed to practice land surveying in this state who has been first appointed by the court and duly sworn to conduct the survey. The surveyor shall file a proces verbal of his work. In particular, the requirements of LSA-C.C. Articles 833, 834, 835, 838 and 841 must be complied with.”
“As no survey was made by a court appointed land surveyor or licensed civil engineer licensed to practice land surveying, the judgment rendered by the trial court is null.”
The case of Bernelle v. Davenport, 116 So.2d 138 (La.App. 2 Cir. 1959), involved a boundary action in which the defendant filed a plea of prescription of thirty years, claiming to have possessed for that period of time up to an existing fence. After trial, the court concluded that the evidence was sufficient to sustain that plea of prescription. The court appointed a surveyor prior to rendering judgment, but the surveyor failed to prepare a plat showing the location of the fence. The Court of Appeal, Second Circuit, reversed the trial court, and rendered judgment sustaining defendant’s plea of prescription of thirty years, but it remanded the case to the trial court with orders that the court-appointed surveyor be instructed to prepare a plat *723 fixing the location of the fence line, and that upon filing of that plat judgment he rendered by the trial court establishing the fence line as a boundary, “according to the exact location thereof.” The court said:
“Despite the fact that this is a boundary action instituted under the specific provisions of the LSA-Civil Code, art. 823 et seq., it is noted that such provisions were not complied with and a proper and exact plat was not filed by the court appointed surveyor. For this reason we are unable to render judgment exactly fixing the southern boundary of defendant’s property, and, accordingly, the case must be remanded for appropriate action which will permit the rendition of an accurate judgment.”
After considering the above authorities, we have concluded that a party to a boundary action, if he is entitled to maintain that action at all, is entitled to have a surveyor appointed by the court to inspect the lands or premises, and to have the benefit of a proces verbal of the work of that surveyor, before judgment fixing the boundary is rendered, unless it is shown that the parties have entered into a valid written agreement designating the boundary between the estates. See LSA-C.C. arts. 823, 825, 833 and 841; and LSA-C.C.P. art. 3692. The appointment of a surveyor and the making of a proces verbal of his work is required, we think, whether the court determines that the boundary should be fixed along the ideal boundary line or along an existing fence line or other visible markers revealed by a survey. See also Gibson v. Berry, 124 So.2d 195 (La.App. 2 Cir. 1960); Alcus v. Elliser, 310 So.2d 663 (La.App. 1 Cir. 1975); Sharpless v. Adkins, 16 So.2d 556 (La.App. 2 Cir. 1943); Randazzo v. Lucas, 92 So.2d 398 (La.App.Orl.1957); Simmons v. Dixon, 174 So.2d 138 (La.App. 1 Cir. 1965).
Defendant contends, however, that plaintiff is barred from maintaining this boundary action by the' prescriptions of ten or thirty years, under Articles 852 or 853 of the Louisiana Civil Code. He concedes that LSA-C.C. art. 825 provides affirmatively that the action of boundary “can not be prescribed against,” but he argues that that article must be read in connection with other provisions of the Civil Code, and that when considered with Articles 852 and 853 the conclusion must be reached that a boundary action is subject to the laws of prescription. He relies largely on the above articles, and on Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957); LaCalle v. Chapman, 174 So.2d 668 (La.App. 3 Cir. 1965), and Opdenwyer v. Brown, 155 La 617, 99 So. 482 (1924).
In Sessum v. Hemperley, supra, our Supreme Court stated:
“An action in boundary may be resorted to when any one of the following three situations exists: (1) where a boundary line has never been established to separate the contiguous estates; (2) where although once established or the estates separated, the physical bounds have been completely eradicated; and (3) where there has been an incorrect fixing of the boundaries. LSA-C.C. Arts. 823, 853.”
The court held that in the first and second instances, the boundary action is im-prescriptible, but that in the third instance, “where there exists actual visible bounds which have been extra judicially placed incorrectly or fixed by the consent of or the active acquiescence of the adjacent landowners,” the action to rectify the alleged error in the location of the boundary must be instituted within ten years, under the penalty of being prescribed under LSA-C. C. art. 853.
Defendant contends that he and his father erected the fence which is in question here in 1933, with the adjacent landowner’s knowledge and acquiescence, that the present suit was instituted by plaintiff to rectify an alleged error in the location of the boundary line, and that under LSA-C. C. art. 853 and Sessum it is barred from maintaining this action by the prescription *724 of ten years. We are unable to agree with that argument.
A survey was never made of the boundary which is in dispute here, and this action thus is not one to rectify an error made by the surveyor, as contemplated in Article 853. Also, the evidence does not show that the fence was “extrajudicially placed incorrectly or fixed by the consent or the active acquiescence of the adjacent landowners,” as stated in Sessum, supra. The evidence does not show that plaintiff or its ancestors in title ever consented to or actively acquiesced in locating the boundary between these estates along the fence which was built in 1933.
The ten year prescription provided in Article 853 of the Civil Code was applied in LaCalle v. Chapman, supra. In that case, however, we found that “the parties mutually agreed and consented that this was the boundary line between their respective properties.” The evidence showed that the parties jointly engaged a surveyor to locate the boundary, they each paid one-half of his fee, they thereupon built their fences on the line which he located, and they maintained those fences for sixteen years. The facts' in LaCalle thus are different from those presented here.
In Huval v. Dupuis, 302 So.2d 636 (La.App. 3 Cir. 1974), we said:
“All these cases agree that regardless of the manner or method by which the lines are established, the ten year prescriptive period is not applied unless it be shown that the adjacent landowners have actively acquiesced in the location of the boundary.”
We believe that the present suit falls under the first of the three classifications of cases as set out in Sessum, supra. It is an action to establish a boundary “where a boundary line has never been established to separate the contiguous estates.” LSA-C.C. art. 823; Arnaud v. Barber, 225 So.2d 656 (La.App. 3 Cir. 1969). Such an action is imprescriptible under Article 825 and under Sessum. We conclude, therefore, that the ten year prescriptive period provided in LSA-C.C. art. 853 is not applicable here.
Even if the case should fall under the third classification pointed out in Ses-sum, and thus subject to the prescription provided in LSA-C.C. art. 852, the evidence does not show that plaintiff or its ancestors in title consented or acquiesced in the location of the boundary along the fence line, with the realization that they were consenting to a boundary at that location. There is no merit, therefore, to defendant’s argument that this action is prescribed under Article 853. Huval v. Dupuis, supra; Girard v. Donlon, 127 So.2d 761 (La.App. 3 Cir. 1961); Winch v. Veazey, 282 So.2d 779 (La.App. 3 Cir. 1973).
Defendant argues further, however, that the acquisitive prescription of thirty years, provided in LSA-C.C. art. 852, is applicable. He contends that he or his ancestors in title have maintained uninterrupted possession of the property lying immediately east of the existing fence for thirty years, and that the trial court thus correctly fixed the boundary along that fence line.
It is immaterial, we believe, whether the possession exercised by defendant or his ancestors in title has or has not been sufficient to establish acquisitive prescription of thirty years. We have held that a boundary action is imprescriptible, and that a party to such an action is entitled to have a court-appointed surveyor inspect the lands and make a proces verbal of his work before judgment fixing the boundary can be rendered. In this case a surveyor has not been appointed, the record does not contain a proces verbal of the work of a surveyor, and the case has never been tried on its merits. Under those circumstances, the trial court was without authority to render a judgment fixing the boundary, regardless of the conclusions it reached relating to the exception of prescription filed by defendant.
*725 The prescription provided in Article 852 of the Civil Code is acquisitive prescription. The sustaining or overruling of a plea of thirty years prescription under that article, whether urged by means of an exception or on the merits, may have some effect on where the boundary ultimately is to be fixed or established by the court. The sustaining of a peremptory exception of prescription in a boundary suit, however, will not defeat the plaintiff’s right to have the boundary fixed or established in accordance with the procedures outlined in the Civil Code and the Code of Civil Procedure.
In Montgomery v. Breaux, 297 So.2d 185 (La.1974), our Supreme Court held that a plea of acquisitive prescription could be raised in a petitory action by means of a peremptory exception. Defendant argues that the same rule should be applied in a boundary suit, and that the plea of thirty years prescription under Article 852 thus was properly raised in this case. It is unnecessary for us to determine that issue here, because regardless of how we may resolve it, we have decided that the trial court did not have authority to render judgment fixing the boundary, since the required procedures were not observed before that judgment was rendered. Also, the court stated in Montgomery that when a peremptory exception of prescription is sustained in a petitory action, all the court can do is to dismiss the action. It cannot render judgment declaring either party to be the legal owner of the property. If the rule applied in Montgomery is applicable to a boundary action, as argued by defendant, the judgment appealed from in the instant suit would have to be amended or reversed, since it purports to fix the boundary line.
Our conclusion is that the judgment appealed from must be reversed, and the case remanded to the trial court for proceedings consistent with the views herein expressed.
We make no findings, and we express no opinion, as to whether defendant has maintained uninterrupted possession of the property in dispute for more than thirty years, since the record does not contain the transcript of the testimony, and we are unable to determine whether the evidence was sufficient to sustain such a plea.
Our conclusion is that the trial court erred in rendering judgment fixing the boundary line in the instant case without the prior appointment of a surveyor, without the filing of a proces verbal of the work of that surveyor, and without a trial of the case on its merits. In view of this conclusion, it logically follows that defendant’s demand for damages for frivolous appeal is denied.
For the reasons herein set out, the judgment appealed from is reversed and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
REVERSED and REMANDED.