BOLIN, Judge.
Plaintiffs and defendants owned adjoining lots in a recorded subdivision. Plaintiffs, alleging the boundary between the two lots had not been amicably or judicially established, brought a boundary action against defendants. Following trial judgment was rendered in favor of plaintiffs establishing the boundary in conformity with a plat prepared by a surveyor who testified for plaintiffs. Defendants appeal, contending the boundary should be fixed as recommended by the court-appointed surveyor. We affirm.
Plaintiffs alleged they owned Lot 104 and the west half of Lot 103 of the Riverside Subdivision located in Bossier City and that defendants owned the east half of Lot 103 and Lot 102 of the same subdivision; that the boundary between the two tracts had never been established; that plaintiffs had their property surveyed by Sammie Craft, an engineer and licensed surveyor, but that defendants refused to acknowledge the correctness of this survey and to amicably establish a boundary between the two tracts; and that it was necessary for the court to appoint a surveyor to survey the property and report his findings.
*86 In the posture of this case it was mandatory that the establishment of a boundary between plaintiffs and defendants be preceded by a survey made by a court-appointed surveyor in compliance with Louisiana Civil Code Articles 833 through 841. Bollin v. Stafford, 297 So.2d 711 (La.App. 1st Cir., 1974) and cases cited therein. The court appointed Charles Coyle to inspect and survey the properties and render his report to the court. Coyle completed the survey and rendered a procés-verbal all in accordance with law. According to his procés-verbal and his testimony during trial, he found an excess of 2.6 feet in the tier of lots number 99 through 114 which he apportioned equally between the sixteen lots.
Craft testified he was employed by plaintiffs prior to this litigation to survey the property and establish a boundary between plaintiffs’ and defendants’ lots. He found 1.9 feet of excess footage in Lots 99 through 114.
When a survey has been made by a court-appointed surveyor it is presumed to be correct. Jewell v. Porche, 2 La.Ann. 148 (1847); Harvey v. Havard, 274 So.2d 917 (La.App. 1st Cir., 1973), affirmed, 287 So.2d 780 (La.1974); Lo-Bar Development Company, Inc. v. Johnson, 340 So.2d 396 (La.App. 2d Cir., 1976). However, this presumption is rebuttable and where there is testimony from other surveyors and the opinions of the experts differ, the court’s decision must be based upon what it considers the preponderance of the evidence. Dufrene v. Bernstein, 190 La. 66, 181 So. 859 (1938).
The trial judge in his written reasons acknowledged that a survey made under court order was presumed to be correct; however, he accepted the Craft survey and stated:
While the two surveyors used the same basic approach in attempting to fix the boundary between the parties litigant, they differ on how the excess footage should be allocated. Mr. Coyle felt that his excess of 2.6 feet should be prorated equally to each of the sixteen lots in the tier. This would mean a gain of about 1.89 inches per lot. Mr. Craft found that 1.75 feet of his 1.9 ft. excess existed in lots 105, 106, 107 and 108 which are all owned by one party. [Not a party to this suit] The remaining .15 ft. he found to exist in the Holt property. Since he found that Mr. Morgan received the exact footage called for in his deed, Craft decided to fix the boundary between the properties of Holt and Morgan in accordance with the ancient monuments found by him.
We find the record supports the conclusion of the trial judge. We also find no error in that portion of the judgment assessing the fee for the court-appointed surveyor as costs and apportioning this cost equally between the parties. Louisiana Code of Civil Procedure Article 1920.
The judgment is affirmed. The appellants are assessed with the cost of this appeal.